### In re MAXWELL et al.

#### No. 8967.

Circuit Court of Appeals, Fifth Circuit.

Dec. 23, 1938.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex., for petitioner.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

This is a petition by some 28 persons, plaintiffs in suit No. 650, in equity, entitled J. C. Maxwell et al. v. Tarrant County Water Improvement District No. 1, pending in the United States District Court for the Northern District of Texas, praying for relief in the nature of mandamus to compel Honorable James C. Wilson, a judge of said court, to enter final judgment in said case. An order to show cause issued. From the petition, the answer of the respondent and our own records, of which we take notice, the following facts appear:

Petitioners are creditors of the Texas National Bank of Fort Worth, Texas, which failed on January 31, 1930. The Maxwell suit, above referred to, was brought to set aside a pledge of assets of the bank to the District made to secure deposits and to recover the assets, consisting of securities of over $1,410,000, par value. The Maxwell case was tried in the District Court at the same time as the case of George B. McCamey v. City of Fort Worth, which involved practically the same issues. Both cases were decided by Judge Wilson on Feb. 15, 1937, and written opinions were filed. Final judgment was entered in the McCamey Case and an appeal was taken to this court. The appeal was decided on December 16, 1937, and rehearing was denied on January 20, 1938. We affirmed the judgment, holding that the pledge of assets was illegal and also holding that interest would run only from final judgment. See City of Fort Worth v. McCamey, 5 Cir., 93 F.2d 964. Certiorari was denied by the Supreme Court May 16, 1938. 304 U.S. 571, 58 S.Ct. 1041, 82 L.Ed. 1535.

As reasons for not entering final judgment in the Maxwell case respondent answers as follows: After the written opinion was filed both sides vigorously attacked his findings and conclusions and requested a rehearing of the whole case. On September 13, 1937, he ordered judgment entered but on October 7, 1937, counsel for complainants requested that entry of the decree be postponed until this court should decide the McCamey Case. After that case was finally decided, on July 23, 1938, attorneys for complainants filed an extended brief seeking to have him change his opinion theretofore rendered. On August 11, 1938, attorneys for the defendants filed a new and complete brief which superseded all briefs previously filed. Respondent has had no opportunity to examine the briefs filed in the summer of 1938 and review the record in the Maxwell case since the final determination of the McCamey Case because, in addition to his regular docket, he had been engaged in the consideration of two other large cases, naming them, and it is necessary that they be decided while the facts are fresh in his mind. Respondent is giving the complicated questions of fact and law involved in the Maxwell case as much consideration as possible, consistent with other important cases heretofore heard, submitted and requiring disposition, but has not finished his findings as to the facts in the light of new issues raised in the briefs filed by attorneys for both sides, which would necessarily determine proper conclusions as to the law points raised.

The answer of respondent shows extenuating circumstances to a certain extent. The request of counsel to postpone final judgment until we decided the McCamey Case was reasonable but after judgment was entered on appeal, certainly after certiorari denied, there was no excuse for further delay. Petitioners can not very well complain of further delay induced by their counsel but to permit counsel for either side to file briefs thereafter, seeking to reopen the case, was carrying courtesy too far. The interests of the clients should be considered first. No court is infallible. After a trial judge has acted promptly and honestly decided a case, a reversal of his judgment is not a reflection on his integrity and ability. He may have unwittingly injured one side but there is a remedy by appeal. On the other hand, if he unduly delays his decision he may injure both sides and the remedy by appeal is not available to either.

[2] There is no doubt the entering of judgment in the Maxwell case has been unduly delayed and no hope is held out for a decision in the near future. Had it been decided in May, 1938, or even in August, 1938, an appeal could have been taken by the aggrieved party in time to be heard in November, 1938, at Fort Worth where the appeal would be returnable. As it is, unless transferred to New Orleans for hearing, an appeal can not be considered until November, 1939, another delay of a year. Considering that Judge Wilson had decided the Maxwell case in February, 1937, by written opinion, when the facts were fresh

in mind, pressure of other business is not an excuse for further delay in entering final judgment.

We credit Judge Wilson with the utmost good faith but when the delay is brought to our attention it is our duty to grant relief. However, we do not consider it necessary at this time to issue an order in the nature of a writ of mandamus. We assume that when our views are made known to the respondent he will promptly act. To that end a copy of this opinion will be certified to him. Should entry of final judgment be delayed more than thirty days, which we do not anticipate, a proper order may issue.