## UNITED STATES v. 266.25 ACRES OF LAND IN CHARLESTON COUNTY, S. C., et al.

### Civ. A. No. 610.

District Court, E. D. South Carolina, Charleston Division.

Feb. 19, 1942.

Claud N. Sapp, Dist. Atty., of Columbia, S. C., for United States.

H. L. Erckmann, of Charleston, S. C., for defendants.

WARING, District Judge.

This is an action by the United States of America in the exercise of its power of eminent domain to acquire a tract of land in Charleston County, South Carolina, to provide hospital facilities for the Army. The proceedings are based upon Title 40, United States Code Annotated, Sections 257, 258 and 258a, and were commenced in the usual form by filing a Declaration of Taking, a Petition for Condemnation and a Judgment on the Declaration, which vested title in the United States. At the same time the Government deposited in the registry of the court the sum of $18,637.50. This was on August 22, 1941. The defendants did not await the service of a summons, but have appeared and on October 15, 1941, filed a Petition by way of Answer and requested a jury trial, thus voluntarily submitting themselves to the jurisdiction of the court. In that Petition they alleged that they were formerly the owners of a tract of land consisting partly of high land and partly of marsh land, and that they heretofore gave an option to the United States for the sale of said property at a price of $70 an acre, and that thereafter the option was accepted by the United States and a deed of conveyance was duly executed and delivered to a representative of the United States, the consideration being fixed in the sum of $23,891, which is at the rate of the option price of $70 per acre. This deed was delivered, but the purchase price was not paid and a receipt was given to defendants as follows:

"Ft. Moultrie, S. C.
13 March 1941

Received of Mamie M. G. Pieper and Catherine M. A. Pommer deed dated 13 March 1941, for a tract of land of 341.3 acres in St. Andrews Parish, Charleston County, S. C.

While the deed recites that the consideration of $23,891.00 has been paid, as a matter of fact at the time of delivery of the deed the consideration has not been paid but will hereafter be paid.

Louis Bartelloni
Captain, Q. M. C.
Assistant Quartermaster."

The defendants allege that the Government has never paid the purchase price or any part thereof and is still in possession of the deed and is in possession of the land.

This Petition further alleges that the Petition for Condemnation provides for taking a tract of 266.25 acres of land; and that this consists of high land and inside marsh, while the balance of the property alleged to have been conveyed by the deed, but omitted from the Condemnation Proceedings, consists of 75 acres of outside marsh. The defendants further allege that the Government entered upon the property and has erected a hospital thereon and is in full possession of same and by such action has ratified the conveyance of the property and should pay the full purchase price set forth in the deed. The Government denies that it is bound by these acts of its officers and alleges that it is seeking to obtain only the tract of 266.25 acres of land set forth in the Condemnation Proceedings, the fair value of which it alleges to be the amount deposited in the court.

On December 5, 1941, the defendants filed a Petition in this court referring to the foregoing pleadings and praying (1) that the amount of money deposited in the court, namely the sum of $18,637.50, be paid forthwith to the petitioners, and (2) that the United States be ordered to pay all of the 1941 taxes in view of the fact that the United States had been in possession of the property during the year 1941. The Government appeared by Answer and Return to this Petition, alleging that the legal title to the tract of 266.25 acres became vested in the United States as of the date of taking, to-wit: August 22, 1941, and that a certain amount of the taxes was due to be prorated for the year 1941. The Government further stated that it had no objection to a distribution of a part of the money deposited, but did object to all of it being paid out.

I have gone rather fully into a summary of the facts since it seems to be an unusual case; at least this court trusts that this does not reflect the usual method of dealing with property owners by the War Department.

The case came on to be heard by me upon the last-named Petition and Return. No question has been raised as to the validity of the Condemnation Proceedings or the right of the Government to take the property in such an action. Very serious issues have been raised as to whether or not the Government is bound or estopped by the action of its officers in accepting and retaining a deed fixing the purchase price and entering into and holding exclusive possession of the property. There will

also necessarily arise in this case the question of the construction of Section 258a as to whether or not when the issue of fixing proper compensation is presented to a jury, the Government is bound by the amount set forth in the proceedings, or whether the trial is entirely de novo and a jury is at liberty to find the value of the property not only in a larger, but also a smaller amount.

 The method of obtaining property through the right of eminent domain by condemnation proceedings is usually governed by State procedure, subject of course to such modification as is shown in the applicable Federal statutes. In South Carolina the right of eminent domain is exercised in many instances and the procedure is set out by statute. So far as this court is advised, in all instances the condemnor gives notice to the land owner that it will apply to some jury, board or commission and the owner is entitled to be heard in fixing the amount of compensation. Either party has the right of appeal to a court of competent jurisdiction if dissatisfied with the award. For procedure as to condemnation for rights of way for railroads, canals and turnpikes, see Code of S. C. Section 8454 et seq. For condemnation for sites for schools, see Section 5386. For condemnation by the Highway Department for roads and highways, see Section 5923. For condemnation by municipalities for streets, see Section 7368 et seq. The methods in all of the above are somewhat different as to details, but they all embody the same principle above set out, namely, that an amount of compensation is to be fixed by some tribunal where the land owner has a right to be heard and thereafter has the right of appeal to a court. In the condemnation case now before this court, which is governed by Section 258a, the owner has no say in fixing the original compensation and amount to be deposited in the court. That is an ex parte determination by the Government and must necessarily represent what the Government is willing to pay. It would, therefore, seem fairly obvious that the Government is not in a position to raise the question of such amount being more than the true value of the property sought to be taken.

However, that question and all related questions as to compensation, including compensation for use and occupancy, should, in my opinion, be passed over at this time, as they are more properly triable when the real merits of the case are presented.

The instant matter before me is as to whether or not the defendants are entitled (1) to be paid the entire amount deposited in the registry of the court, or whether only a portion of the same should be paid, and (2) are the outstanding taxes, which are a lien on the property, to be paid from the funds in the registry.

 In deciding the first question we are necessarily confronted with the language of the statute. Section 258a provides, among other things, that when the Declaration of Taking is filed it should contain "a statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken". It will thus be seen that the statute requires the Government to fix its estimated value. Up to that time the defendants have not been heard. There is no presentation of the matter before any board or commission, court, referee or other person. The sum of money deposited is what the Government, which is taking the property, itself determined to be "just compensation". It would seem that the Government by such proceeding is estopped from claiming that the property is worth less than that stated in its Declaration. If this be true, why should any part of the amount deposited be withheld from the former owners, unless of course there be some liens or charges against the property, which must be satisfied, or unless there arise some questions of title. In the case before me it is distinctly stated by both parties that there is no question of title arising. It is admitted that the defendants were the sole owners in fee simple of the premises and the only charges against the premises are the taxes to be prorated for a portion of the year 1941. Section 258a provides that when the Government takes property under a Declaration hereinabove referred to, and pays a stated sum of money into the court the defendants should not be entitled to any interest on the sum so paid into the court, but should be entitled to interest at the rate of Six per cent per annum on any additional amount which might hereafter be awarded. Of course if the ownership of the land is in dispute or if some difficulty of title should appear or there be claims of liens, these incidental matters would have to be first cleared up before the deposit is paid.

However, in the instant case there is no such difficulty. The amount of compensa-

tion that the Government is willing to pay has been stated in its Declaration. It appears and admits that the title is good and marketable; that it is willing to accept the same; that there is no dispute as to the parties to whom compensation must be paid; and that there are no liens or claims of any character outstanding against the property, save only a portion of the taxes for the year 1941. Under these circumstances, what reason can be adduced for withholding payment from the owners? The owners have been deprived of the use of the property. Under the terms of the statute they are not entitled to interest on the amount of money deposited, so why should they not have the entire amount of money in lieu of the property, which has been taken?

Section 258a provides that "upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding." Such application has been made and no reason has been shown to me why the defendants should not receive the full amount paid into the registry of the court at this time, subject only to the payment of taxes, which is hereinafter discussed.

The views outlined in the foregoing are thoroughly in accord with those set forth in the case of United States v. Certain Lands in Borough of Brooklyn, D.C., 39 F.Supp. 91. In an opinion rendered in that case Judge Moscowitz discussed quite fully the proceedings in Congress at the time of the adoption of Section 258a. The reasoning set forth therein is quite persuasive, but I am of the opinion that the language of the Act is so clear and the power granted to this court so complete by the terms and precise language of the Statute itself, that it is unnecessary to go back to the proceedings of Congress to arrive at a fair and proper construction of the Act.

■ The second question before me is whether or not taxes for part of the calendar year 1941 should be paid from the funds in the registry of the court, or whether the United States is required to pay these taxes by reason of the fact that it had possession of the property. By Act of the General Assembly of South Carolina approved March 21, 1941, 42 Stat. at Large, p. 79, provision was made that in all cases where the United States acquires property in the County of Charleston, the State, County and School District taxes on the property to be acquired should be prorated from January 1st to the date of the actual acquirement; and that the taxes up to the date of the actual acquirement should be paid, but that no taxes should be paid after the date of the acquirement of title by the United States. The point, therefore, in issue in this case, is as to who is to pay taxes from January 1, to August 22, 1941. The defendants claim that the United States having entered into actual possession of the property and having held the same exclusively during the entire year 1941, should be liable for such taxes. But the United States takes the position that it was in a permissive possession only and that never having paid the purchase price and the deed from the defendants to itself never having been accepted by any action binding upon the Government, it did not become an owner until August 22, 1941, and that the former owners must pay the taxes up to that date. Under Section 258a, the court is given full "power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable". In order to vest clear title in the United States this lien for taxes must be removed. The court has full control over the funds in the registry of the court and in my opinion the amount of taxes unpaid up to August 22, 1941, should be ascertained and paid from the funds now in the registry. This is done to completely clear the title and is not to be construed to preclude the defendants from setting up any claim for reimbursement for such taxes or for payment for use and occupancy in such amounts or in such manner as they may be advised in the premises.

Having reached the foregoing conclusion, the parties hereto are directed to advise the court by a statement from the proper taxing authorities, or by appropriate stipulation, the amount of taxes due and payable upon the tract of land taken under the Condemnation Proceedings. And upon the ascertainment of same an appropriate formal order will be filed directing the payment of such taxes from the funds deposited in the registry and directing the payment of the balance of such funds to the defendants, the same to be applied and credited on account of such just compensation as may hereafter be awarded in these proceedings.