UNITED STATES v. CERTAIN LANDS LOCATED IN TOWN OF HIGHLANDS, ORANGE COUNTY AND SOUTHERN DISTRICT OF NEW YORK et al.

United States District Court
S. D. New York.
Dec. 10, 1942.

---

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff.

Ivan E. Maginn, of New York City, for defendant Joseph P. Gibney.

BRIGHT, District Judge.

Joseph P. Gibney, one of the defendants in the above entitled proceeding, and the owner of that portion of the lands sought to be condemned designated as Parcel II —Part "C", consisting of 7.77 acres subject to an easement of the Orange & Rockland Electric Company, for a pole line, and of the United States for a water pipe line, petitions the court for an order directing the payment to him of $10,000 deposited by the plaintiff at the time of the filing of a declaration of taking of the lands mentioned.

The government opposes the payment out at this time of any amount in excess of $8,-500 upon the ground that it does not believe that the just compensation which will be finally ascertained for the taking of the parcel will exceed $8,500 and that the amount deposited is in excess of the fair market value of the parcel.

This proceeding was commenced by the filing of a petition for condemnation on April 7, 1942. A declaration of taking was filed on August 4, 1942 and judgment thereon was granted and filed on August 5, 1942. There seems to be no question but that petitioner is the owner of the parcel mentioned.

The applicable statute is set out in Section 258a of Title 40 U.S.C.A. That section, after providing that in any proceeding instituted by or under the authority of the United States for the acquisition of any land, the acquiring authority may file a declaration of taking containing, among other things, a statement of the authority under which and the public use for which the lands are taken and "of the sum of money *estimated* by said acquiring authority to be just compensation for the land taken", and also states:

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the *estimated compensation* stated in said declaration, the title * * * shall vest * * * and the right to just compensation for the same shall vest in the persons entitled thereto; *and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein.* * * * Upon the application of the parties in interest, the court *may* order that the money deposited in the court, *or any part thereof,* be paid forthwith for or on account of the just compensation *to be awarded* in said proceeding. If the compensation finally awarded in respect of said lands * * * shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency. * * * The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, easements, insurance and other charges, if any, as shall be just and equitable."

■ Under this section, and particularly the parts which I have italicized, it seems clear to me (1) that the amount deposited is merely the estimated compensation; (2) that it is not intended that such deposit is to be the "just compensation" required by the constitution and statute to be paid; (3) that the governmental authority seeking acquisition is not authorized to determine what is "just compensation", which can only be ascertained, awarded and established by the judgment; and (4) that upon any application to withdraw the deposited money, the court has discretionary power as to how much it shall direct to be paid out and as to how the deposit shall be distributed among lienors and others.

These determinations seem obvious from a mere reading of the statute, and in addition, are supported by many cases decided under the section quoted. Ramming Real Estate Co. v. United States, 8th Cir., 122 F.2d 892, 893; In re Keith, 5 Cir., 128 F.2d 908, 912; United States v. Certain Lands

in Brooklyn, 2 Cir., 129 F.2d 577, 579; United States v. Foster and United States v. Buescher, 8th Cir., 131 F.2d 3; Garrow v. United States, 5th Cir., 131 F.2d 724; United States v. Certain Lands in Brooklyn, D.C., 39 F.Supp. 91, 99; United States v. Certain Parcels of land in Prince George's County, D.C., 40 F.Supp. 436; United States v. Certain Lands in the City of St. Louis, D.C., 41 F.Supp. 809, 811.

In the Ramming, Foster and Buescher cases, it was held that the declaration of taking stating the amount which the government estimated as just compensation, would not be admissible in evidence as a binding admission as to estimated value; and in the latter two of those cases, it was said that the Secretary of War, by the section quoted, was authorized only to estimate the compensation for the purpose of deposit and was not authorized to ascertain the just compensation which could only be done after a hearing; that his statement in the declaration that he had estimated that the sum of money stated was just compensation was gratuitous and not within the scope of his official duties, and that, accordingly, the government was not bound. In the Keith case, it was held that the section quoted conferred upon the district judge a discretion to be justly exercised. In United States v. Certain Lands in Brooklyn [129 F.2d 579], the Second Circuit decided that the principal of a mortgage upon the property should be paid out of the money deposited with interest, not to the time of the taking as contended for by the government, but to the time of payment, which distribution it held was "just and equitable" between the lienor and the lienee. In the Garrow case, the Fifth Circuit decided flatly that the amount deposited was not an admission by the government as to the value of the property taken, and refused to direct that the land owners, who had obtained a verdict of the jury for less than the deposit, should be paid the difference between the verdict and the sum deposited, saying [131 F.2d 726]: "Appellants' contentions are without merit. * * * The owner is entitled to receive the value of the property he has been deprived of. To award him less than the value of the property taken would be unjust to him; to award him more than its value would be unjust to the public. Bauman v. Ross, 167 U.S. 548, 574, 17 S.Ct. 966, 42 L.Ed. 270. * * * In condemnation cases under § 258a the deposit paid into the registry of the court is expressly designated as 'estimated' just compensation for the land condemned and taken. The estimate is not final. The final award is left to be ascertained and awarded in the proceeding 'and established by judgment'".

In the next case of United States v. Certain Lands in Brooklyn, Judge Moscowitz, while directing that the entire amount be paid to the owner, recognized the right in the court to order a part of the sum deposited paid.

In the St. Louis case, 25% of the amount deposited was retained at the insistence of the government, and when the final award was made, interest upon the amount so retained from the date when possession was actually taken was allowed against the government. And in Miller v. United States, 125 F.2d 75, where the verdict of the jury was less than the amount deposited, the Ninth Circuit held that the District Court was without jurdisdiction summarily to give judgment against the property owners for the amount deposited over and above the jury award.

The only case that I have found to the contrary is United States v. 266.25 Acres of Land, D.C., 43 F.Supp. 633, 634. The facts there reveal a rather extraordinary situation, prompting the remark by the District Court that it "trusts that this does not reflect the usual method of dealing with property owners by the War Department." It was there held that the government was estopped by its deposit from claiming that the property was worth less than that stated in its declaration of taking, and that there appeared to be no reason why any part of the amount deposited should be withheld at the objection of the government. For the reasons which I have stated above, I cannot agree with the conclusion there reached. I think the very words of the statute are directly to the contrary.

An order may be settled on notice directing the payment of the sum of $8,500 to the petitioner.