## UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, ORANGE COUNTY, et al.

United States District Court
S. D. New York.
June 4, 1946.

---

Frank A. Barrera, of Brooklyn, N. Y., for claimant Elvira Nuzzo.

Stanley B. Johnson, of Newburgh, N. Y., for defendants John W. Pavek and Walter J. Montfort, executors.

BRIGHT, District Judge.

The defendant Elvira Nuzzo, by notice of motion dated May 21, 1945, petitions to modify the order of this court dated June 16, 1944, so that the same will direct that there be paid to her as owner of building No. 15 in Parcel No. I, the sum of $1400 with interest, and that the defendants John W. Pavek and William J. Montfort, as executors of the Estate of Clara W. Pavek, to whom that sum has been paid, be directed to refund the same to petitioner.

This condemnation proceeding was begun on April 7, 1942. The petition, with notice of motion for the entry of an interlocutory judgment, was served upon the petitioning defendant personally, at Highland Falls, New York, on August 12, 1942. The interlocutory judgment was filed on January 19, 1943, and a copy thereof was served upon her by mail on January 20, 1943. After the appointment of commissioners, a copy of the order of appointment was served upon defendant, as was also a notice of hearing before the commissioners. She did not appear before the commissioners, or offer any proof. On July 23, 1943, the commissioners filed their report, in which they awarded to the Estate of Clara W. Pavek, deceased, as owner, the sum of $74,172, of which $48,167 was stated to be the value of the land and $26,005 the value of the buildings and improvements, among which were listed 29 buildings, building No. 15 valued at $1400. Notice of motion to confirm the report was served by mail upon the petitioning defendant on October 21, 1943. An order was made on September 29, 1944, which confirmed the report of the commissioners in all respects. The petitioning defendant at no time appeared upon any of said motions, nor has she appeared in this action at all until the service of the present notice of motion and petition.

It appears from the papers now served that title to the real estate, upon which the building in question was located, was at all times in Clara W. Pavek or her estate; that she died on June 26, 1942, since the commencement of the proceeding; that the defendants John W. Pavek and William J. Montfort, her executors, have been substituted as defendants in her place, and that upon their application for the full amount of the award, less $40,000 which had previously been paid to them, the order of June 16, 1944, was made, no one appearing in opposition; and that the balance of the award with interest at 6% from August 4, 1942 to May 9, 1944, was paid to them. No notice of that application was given to the petitioning defendant.

The defendant executors oppose the motion, contending that prior to the time of

the vesting of title in plaintiff, building No. 15 was not personal property capable of removal from the land, but was a part of the realty owned by Clara W. Pavek; and that whatever right the petitioning defendant may have had as tenant of said land and in said building, had terminated some months prior to the vesting of title in plaintiff. They further contend that this proceeding, having been terminated by an award and the amount specified having been paid to them, this court no longer has jurisdiction of the subject matter and cannot determine the rights of the parties in and to any portion of the property or the amount awarded to and received by defendants.

▮ Taking up the last contention first, Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that this court may relieve a party from an order taken against him through surprise or excusable neglect on motion made within six months after the order was taken. That rule does not limit the power of the court to entertain an action to relieve a party from an order. The six months mentioned have expired. But the right to entertain an action for relief has not. The old remedy by bill of review still exists. Wallace v. United States, 2 Cir., 142 F.2d 240. And this motion in the proceeding may be considered such. Central Hanover Bank & Trust Co. v. Wardman Real Estate Properties, D. C., 31 F.Supp. 685, 686. A bill of review ordinarily must be sought within the time allowed for an appeal. Under section 230 of the Judicial Code,[1] Title 28 U.S.C., the time within which to appeal expires three months after the entry of the decree. Rule 77(d), however, provides that the clerk, immediately upon the entry of an order, shall serve notice of entry by mail upon either party affected thereby who is not in default for failure to appear. "It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule." Hill v. Hawes, 320 U.S. 520–523, 64 S.Ct. 334, 336, 88 L.Ed. 283, 149 A.L.R. 736. The petitioning defendant is not in default for failure to appear because she was not given notice of the application to withdraw the money.

·▮ Proceeding to the merits of the matter, the uncontradicted evidence shows that in the latter part of May 1933, defendant and her husband discussed with Mrs. Pavek the leasing of the land upon which the building was subsequently erected. Mrs. Pavek specified that the building should not be a shack but a nice little cottage; that he could put up a place which would be his and, if the Government stepped in, he could do what he wanted with the building, could remove it, give her an option on buying the building, or it could be sold to a third party provided they are desirable tenants and agreeable to Mrs. Pavek. A four room cottage, with an added porch and kitchen, was thereafter built on chestnut posts cut on the property, upon which were placed the floor beams. A fireplace was also erected, the chimney being built on the outside of the cottage and tied in to the main structure. There was no other foundation under the building except the posts. It was occupied for several years at week-ends, and for the six or seven years before the commencement of the proceeding, it was the permanent home of the Nuzzos. Prior to using it as a permanent home, Nuzzo stoned up underneath the building by laying field stones on the top of the ground as a wind break and to lessen the cost of fire insurance. Mortar was used to hold the stones up but the building at all times rested on the posts. Before doing this, Nuzzo again discussed the matter with Mrs. Pavek, who stated, upon being asked what Nuzzo would get if the Government came along, that the building was his and "anything we get for your place will be yours." The Nuzzos moved out in 1942 when the Government took over the land. Defendant paid the last half year's rent and taxes just prior to the death of Mrs. Pavek; obtained and paid for fire insurance, and also paid taxes upon the house from 1934 to 1942.

After the conversation in 1933, and on June 1, 1933, a document was executed by Mrs. Pavek, Mrs. Nuzzo, and Concetta Farrara, a sister of Mrs. Nuzzo. The latter's

---

[1] See 1948 Judicial Code, 28 U.S.C.A. § 2107.

interest has long since ceased. That paper reads:

"Highland Falls, N. Y.
"June 1, 1933.

"For the sum of fifty dollars ($50.00) payable annually June 1st in advance, I agree to lease to Ferrara and Nuzzo, a bungalow site 100' x 100' at Long Pond near the brook from Wilken's Hollow, west of the state road from West Point to Central Valley for a term of five years with privilege of renewal for an additional five years.

"This site is not to be subleased nor the bungalow on it, without the consent of the party of the first part Mrs. C. W. Pavek.

"Clara W. Pavek
"Concetta Ferrara
"Elvira Nuzzo"

It will be noted that nothing is said about the bungalow, which had not then been erected, except that neither it nor the land is to be subleased without the consent of Mrs. Pavek. No other lease was executed, and the petitioning defendant and her husband lived upon the property until the Government took it. The property was assessed for the first two years to Mrs. Nuzzo and thereafter as being upon land leased of Mrs. Pavek.

No contradicting testimony was introduced by the executors except as to the nature of the foundation under the house and the chimney, although it appeared that Charles Pavek and George Pavek were present at the first conversation. I have not considered the two copies of letters of September 26 and November 2, 1944, claimed to have been written by Judge Sneed to John W. Pavek.

I, therefore, find and decide as follows:

1. That the cottage was personal property, was so considered both by Mrs. Pavek and the Nuzzos, and was subject to removal or sale at any time.

2. It was never permanently attached to the realty, never became real property, and never belonged to Mrs. Pavek or her estate.

3. It was not intended that the written instrument above set forth in full was to apply to the said cottage, other than to prevent its subleasing without the consent of Mrs. Pavek.

4. The agreement between the defendant Nuzzo and Mrs. Pavek with reference to the cottage was not merged in the written instrument, and was not intended to be a part of it.

5. Section 85 of the Personal Property Law of the State of New York, Consol. Laws, c. 41, has no application because there was no sale or intended sale of the cottage; neither Mrs. Pavek nor her estate ever owned it.

6. For the same reasons, section 242 of the Real Property Law, Consol.Laws, c. 50, has no application. There was no attempted creation, grant or assignment of any interest in real property by Mrs. Pavek to the defendant other than the tenancy created by the written instrument above quoted.

7. The objection of counsel for the executors to the letters purporting to have been written by Judge Sneed is sustained.

An order may be presented, to be settled on notice, modifying the order of this court of June 16, 1944, by directing that the sum of $1400 be paid to the defendant Elvira Nuzzo, and directing the refund of that amount by the defendant executors to her.