## BOROUGH OF MUNHALL v. UNITED STATES.

### Civ. No. 1471.

District Court, W. D. Pennsylvania.

April 16, 1947.

Evans, Evans & Spinelli, of Pittsburgh, Pa., for Borough of Munhall.

Charles F. Uhl, U. S. Atty. for Western Dist. of Pennsylvania and Eliott W. Finkel, Sp. Asst. to the U. S. Atty., both of Pittsburgh, Pa., for the United States.

GIBSON, District Judge.

Counsel for the plaintiff have prayed the court to correct its judgment entered pursuant to a jury verdict on December 20, 1945.

The Government had filed its declaration of taking on October 17, 1941. It condemned, by amended petition, a perpetual easement on a part of the sewer system of the Borough of Munhall. On December 20, 1945, a jury rendered a verdict of $7,200 in favor of the plaintiff, and the interest was fixed at 3 per centum for the period between the day of taking until payment. The interest percentage was fixed by hasty agreement, counsel being unaware of the Act of February 26, 1931, 40 U.S.C.A. § 258a, which fixed the interest at 6 per centum from the date of taking to the time of payment.

It appearing that the United States had deposited $151.00 when its Declaration was filed, the judgment of $7,200. was reduced by that amount and judgment entered in the sum of $7,049, with interest at 3 per centum from October 17, 1941, to date when deposit should be made in the Registry of the Court.

On February 25, 1946, plaintiff filed its appeal to the Circuit Court of Appeals.

On March 27, 1946, the United States deposited the sum of $7,931.33 into the Court, interest being allowed at 3 per centum to date of verdict.

On January 22, 1947, 3 Cir., 159 F.2d 603, the Circuit Court of Appeals affirmed the judgment.

The Court of Appeals in its opinion paid no attention to the matter of interest, probably due to the fact that the parties had agreed as to interest and no error was charged in that respect.

Assuming that the verdict was not excessive, the error as to interest was lamentable, but the court feels that it is without power to amend the judgment, in view of the mandate from the Court of Appeals. That court had jurisdiction to correct the matter upon appeal upon due assignment of error, and this court deems itself unable to modify its judgment. Errors as to interest are properly handled in that court.

"The trial court declined to modify or amend the decree except in the one particular directed by this court.

"The trial court was right. There is a time for all things, and the time to object to the omission of interest from the decree of July 16, 1930, was on the appeal therefrom; the time to object to any oversight in an order of affirmance is by petition for rehearing or other appropriate proceedings in the appellate court. There must be an end to litigation sometime, and there would be no end if trial courts could modify or amend their decrees after affirmance. Of the multitude of cases on the point, it is only necessary to cite those where the trial court undertook to add interest to a judgment or decree after affirmance, for the time elapsed pending the appeal." Clarke v. Hot Springs E. L. & P. Co., 10 Cir., 76 F. 2d 918, 922.

The court being of opinion that it is without power to amend and correct the judgment after its affirmance by the Circuit Court of Appeals, the petition of the plaintiff must be denied.