**UNITED STATES v. 25.4 ACRES OF LAND, ETC., BOROUGH OF BROOKLYN, KINGS COUNTY, NEW YORK, et al.**

Misc. No. 586.

United States District Court
E. D. New York.

Jan. 18, 1949.

Harry T. Dolan, Sp. Asst. to Atty. Gen. of United States, for petitioner-plaintiff.

John P. McGrath, Corporation Counsel, of New York City (Bernard H. Friedman, of New York City, of counsel), for City of New York.

BYERS, District Judge.

By this motion, the City of New York seeks an order "modifying, revising, amending and/or correcting paragraph numbered '4'" of an order dated April 21, 1947, D.C., 71 F.Supp. 255, which provides that the United States have judgment against the City in the sum of $131,987.95, with interest at 6% per annum from December 22, 1941.

The amendments sought are: (a) To reduce the rate of interest to 4%. (b) To start the interest running as at the date of the said order, April 21, 1947, instead of December 22, 1941.

These changes are urged in spite of the fact that the said order was appealed to the then Circuit Court of Appeals for the Second Circuit, by Notice of Appeal dated May 9, 1947, from each and every part of said order, as well as from the whole

thereof. A cross-appeal was taken by the Government with respect only to an award which was made to the City to cover the cost of relocating an electric power line.

It appears that the provisions of the said order comprehended in this motion were not asserted to be erroneous in either the written or the oral argument presented to the reviewing Court in connection with said appeal, which was heard on March 9, 1948.

A decision was rendered on May 19, 1948, United States v. City of New York, 2 Cir., 168 F.2d 387, 391, the final sentence of the opinion reading: "The judgment is therefore affirmed."

An appropriate mandate was issued by the Clerk of the (then) Circuit Court of Appeals, on June 4, 1948, and filed in the office of the Clerk of this Court on the following day. On June 14, 1948, an order on said mandate was duly signed and filed, and copy thereof was duly served on the City on June 15, 1948.

■ Notice of this motion bears date of November 26, 1948.

The foregoing recital will suffice to indicate that this Court is without power to grant the motion: Home Indemnity Co. of New York v. O'Brien, 6 Cir., 112 F.2d 387, cited with approval in Morris et al. v. Securities and Exchange Commission, 2 Cir., 116 F.2d 896, at page 898. See also United States v. Certified Securities, Inc., 9 Cir., 151 F.2d 188; Borough of Munhall v. United States, D.C., 71 F.Supp. 241.

The matter of the award of interest having of necessity been presented to the reviewing Court, and equally comprehended in its decision, and the mandate having been filed and the judgment on appeal having been made the judgment of this Court, there is no further power which the Court could exert, if it would.

While the Home Indemnity case dealt with a matter falling under Rule 60(a) (b) of the Rules of Civil Procedure, 28 U.S. C.A., which in terms, Rule 81(a) (7), apply, as to condemnation proceedings, only to appeals, the bearing of that decision is the more compelling since, as to such proceedings, there is no rule cited to indicate that reconsideration of any subject may be entertained once the term has expired in which final order or judgment has been made or entered.

This aspect of the matter is not affected by paragraph 6 of the order of April 21, 1947, which provides:

"6. That this proceeding be held open for the entry of such further orders, decrees, and judgments as may be necessary to carry out and effectuate the objects and purposes sought to be accomplished in this proceeding, and the distribution of all awards made herein."

That is a precautionary paragraph, the plain purpose of which is to state that final disposition of issues affecting any particular damage parcel or claim is not to be construed as terminating the entire condemnation proceeding, which remains open for the disposition of issues affecting any other damage parcel or claim.

It is mere surplusage, designed to embody an undisputed and evident truth. Manifestly it cannot be tortured into a construction that the trial court thereby intended to reserve to itself the power to reconsider and change a final determination of issues which had been adjudicated; or that an appellate court would be willing to review an order or judgment which the lower court had thus endeavored to retain in solution, pending the action of the appellate tribunal, and even thereafter.

The only present application of the reservation is to a claim of the City concerning the relocation of the outlet to the Classon Avenue sewer, which thus far has not been adjudicated.

It thus appears that the motion must be dismissed for lack of power to entertain it.

If these views are clearly erroneous, and disposition on the merits is required, the same result will follow, for the following reasons:

(a) *As to the rate of interest:*

This matter arises in connection with the withdrawal by the City of $300,000.00 of the $1,478,509.00 deposited by the Government on September 19, 1941, in the registry of the Court with the filing of the

petition in condemnation, as the estimated just compensation payable to all whose property was being taken; $300,000.00 thereof was allocated to the City " * * * for any interest or casement in any and all lands taken, together with street improvements".

On December 22, 1941, pursuant to order granted at the instance of the City, that sum was by it withdrawn.

The final order and judgment fixed the award to the City at $168,012.05, and the sum of $131,987.95 with interest at 6% per annum from the date of withdrawal (December 22, 1941) as the sum for which the Government should have judgment against the City.

█ Since by the terms of the statute, 40 U.S.C.A. § 258a, the Government would have been required to pay 6% interest on any deficiency by which the sum deposited in court (or even rendered available to the claimant, United States v. 3.71 Acres of Land, etc., D.C., 50 F.Supp. 628) would prove to fall short of the final award to the City, it seems obvious that an overpayment which has been withdrawn and later adjudged to be refunded, should bear interest at the same rate.

The legal rate of interest in New York is 6%. General Business Law, McK. Consol.Laws, c. 20, Art. 25, Sec. 370. It is proper that just compensation for lands taken by the Government in condemnation proceedings should include an award of interest at the rate prevailing in the State in which the property lies. United States v. Rogers et al., 255 U.S. 163, at page 169, 41 S.Ct. 281, 65 L.Ed 566.

That rate has been sanctioned by the Circuit Court of Appeals for the Second Circuit, United States v. 6.87 Acres of Land, etc., 147 F.2d 351, in connection with New York real estate.

In United States v. Certain land, etc., 49 F.Supp. 265, in this Court, an order for deficiency judgment, in the case of a withdrawal that proved to be excessive, contained such a provision for interest as is here sought to be changed, which points to consistency in the action of this Court in the respect now criticized.

The City cites, as a reason for resting under the necessity for paying interest on its $131,987.95 of excessive withdrawal only at the rate of 4%, the State statute known as the General Municipal Law, McK.Consol.Laws, c. 24, which provides in § 3-a: "The rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed four per centum per annum. * * *". Laws 1939, Chap. 594, as amended Laws of 1942, Chap. 842.

█ Probably the point is raised as a matter of precaution and to avoid the appearance of acquiescence by the City in the 6% rate provided in the present order for judgment. It must be apparent that, in the presence of such conflict as may be thought to arise between State and Federal statutes, the latter must prevail in all matters touching the rights and obligations of the United States; otherwise, this proceeding would be governed pro tanto by the Municipal Law of the State of New York, rather than by Act of Congress.

Had there been a deficiency of deposit under the amount of the final award, the City would have been entitled to interest on the undervaluation at the statutory rate of 6%, and that rate of interest is therefore required to be paid by it on what has turned out to be an excessive withdrawal.

To repeat, this proceeding was initiated on September 19, 1941, and on December 22, 1941, the withdrawal was made pursuant to order. If the City had then intended to restrict itself to the quoted provisions of the General Municipal Law, it would have been appropriate to stipulate with the Government for a 4% interest rate to govern either party in all subsequent matters affecting that withdrawal, either way, as the parties are said to have done in legal effect, in Borough of Munhall v. United States, supra. Such a course would have been consistent with the present attitude of the City. Since nothing of the kind appears, it seems to me that the City must abide by its election to avail

itself of the statute, as well for burdens as for benefits.

The opinion of Judge Abruzzo dated October 21, 1948, has been examined, and he is of the same view. United States v. 53¼ Acres of Land, More or Less, in Borough of Brooklyn, Kings County, New York, et al., D.C., 82 F.Supp. 538, at pages 543 and 544.

None of the decisions cited by the City presents a conflict between either the State of New York, or a municipality, and the Federal Government.

(b) *As to the date from which interest is to run:*

The City urges that it should have the use of $131,987.95 from December 22, 1941, until April 23, 1947 (when the order of two days earlier was served) without paying therefor; that otherwise the City is being penalized and that no obligation to repay arose from the time of withdrawal until the date of the said order.

It argues that it could have left the money in the Court during that entire period, and that for present purposes it must be treated as though it had done so. Such a transaction as this, multiplied a sufficient number of times, would enable the City to function without cost to the taxpayers for the use of other people's money.

It is necessary to recall that the Courts have said that the award of interest in condemnation proceedings is not allowed as compensation for the use of the property, but as compensation for delay in payment of the award. United States v. 6.87 Acres of Land, etc., supra, citing Kieselbach v. Commissioner, 317 U.S. 399, at page 403, 63 S.Ct. 303, 87 L.Ed. 358, where it is said the terminology is immaterial, and Brooks-Scanlon Corp. v. United States, 265 U.S. 106, at page 123, 44 S.Ct. 471, 68 L.Ed. 934. It would not be circumspect to dwell upon the manifest resemblance between interest when it is called that, and when it is conceived of as entering into the substance of the award, for the fact is that the appellate courts have deemed the nomenclature to be of importance. Since this is a kind of condemnation award in reverse, being merely the return of an excess tentatively availed of by a claimant, the interest is not to be regarded as a penalty, nor as a sum exacted for the use of so much of the award; the City is merely being required to pay to the Government the amount withdrawn, to which there has been an accretion by operation of law, the enhancement to date from December 22, 1941.

I do not pretend to understand the distinction, but content myself with the observation that, if it indeed exists in the case of an award made in condemnation proceedings, logic requires that it should apply to a refund for what has proved to be an award in excess of the just compensation for the property taken.

A like conclusion was reached by Judge Bright in United States v. Certain Lands in Town of Highlands, Orange County, et al., 82 F.Supp. 432, and United States v. Certain Lands Located in Town of Highlands, Orange County and Southern District of New York, et al., 82 F.Supp. 363, two Southern District cases in which he outlined his views in a communication to attorneys which I have treated as a memorandum-decision.

The City relies upon the oft-cited case of United States v. Miller et al., 317 U.S. 369, at page 382, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55. I do not think that is an authority against the view here taken. The change in the interest on the withdrawal was made in the District Court, prior to appeal, and was not contested, nor was it sought to be reviewed on appeal. In other words, there was no issue presented for decision, as there is in this case.

For all of these reasons, the motion must be (a) dismissed for lack of power to entertain; and in the alternative (b) denied on the merits.

Settle order.