213 P.2d 902

**GILLESPIE LAND & IRRIGATION CO. v. BUCKEYE IRR. CO. et al.**

No. 5273.

Supreme Court of Arizona.

Jan. 16, 1950.

Clark & Clark, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellee Salt River Valley Water Users' Assn.

Reed, Wood & Mangum, Coolidge, for appellee San Carlos Irr. Dist.

Gust, Rosenfeld, Divelbess, Robinette & Linton, Phoenix, for appellees Gila Valley Irr. Dist.

Whitney, Ironside & Whitney, Phoenix, for appellee Maricopa County Municipal Water Conservation Dist. No. One.

Moeur & Moeur, Phoenix, for appellee Roosevelt Water Conservation Dist.

Fennemore, Craig, Allen & Bledsoe, Phoenix, for appellee Kennecott Copper Co.

Evans, Hull, Kitchel & Jenckes, Phoenix, for appellee Phelps Dodge Corporation.

Floyd M. Stahl and L. M. Laney, Phoenix, for appellees Buckeye Irr. Co. and Arlington Canal Co.

Kramer, Morrison, Roche & Perry, Phoenix, for appellee Roosevelt Irr. Dist.

DE CONCINI, Justice.

As a general rule this court does not write opinions on motions to dismiss appeals or other motions. However, this motion brings up an oft litigated question

in this jurisdiction: that is, when is a judgment "entered" so as to start the running of the statutory time for appeal.

The instant case has been in the lower courts for 20 years. It involves a number of defendants and water rights to hundreds of thousands of acres of land. The plaintiffs and defendants settled their differences; a hearing was had on the Intervenors complaint before the Honorable Gordon Farley, Superior Court Judge of Santa Cruz County, sitting as trial judge in the Superior Court of Maricopa County on the 9th day of December, 1947. The scope of said hearing was ordered by the honorable Judge Henry C. Kelly on June 17, 1947, as follows: "* * * It Is Therefore Ordered, that the issues raised by intervener's claims of rights to the use of waters of the Gila River and its tributaries, as set forth in intervener's pleadings, and defendants' answers thereto, be set for trial, for the purpose only of determining the extent, priority dates and status of intervener's claims to the appropriation, and use, of the waters of the Gila River, and that upon such determinations being made, the issues then remaining be tried and determined."

From a purported final judgment dated May 11, 1949, Intervenor appeals. Plaintiffs and defendants, appellees herein, move to dismiss the appeal on the ground that it comes too late because the lower court's order for dismissal of Intervenor's complaint filed January 22, 1949, amounted to a final judgment.

On January 21, 1949, Judge Farley signed and mailed an order in Nogales, Arizona, to the Clerk of the Superior Court of Maricopa County. Said order, omitting the title, read as follows

"Order Granting Motion to Dismiss and for Entry of Judgment

"A Motion to Dismiss and for Judgment having been presented to the court by the parties adverse to the intervener at this conclusion of intervener's case, and said matter having been extensively briefed,

"It Is Now Ordered that said motion to dismiss be granted; and

"It Is Further Ordered upon the presentation, settlement and approval of the form of judgment that judgment will be entered in favor of the plaintiffs and defendants and against the intervener.

"It Is Further Ordered that the Clerk of said court forthwith give notice to each and all the parties hereto of the entry of this order by mail directed to their counsel of record.

"Dated at Nogales, Arizona, this 21st day of January, 1949.

"Gordon Farley
"Presiding Judge.

"Filed January 22, 1949."

It will be noted that the title indicates an order for entry of judgment, but actually there is no order for entry of judgment

but only an order that the motion to dismiss be granted.

On February 1, 1949, intervenor filed a "Motion to Set Aside Order of Dismissal."

On February 3, 1949, appellees filed a motion to strike intervenor's motion on the grounds;

(1) that the statutes or rules did not provide for such a motion; (2), (3) and (4) that the motion was premature in that no judgment had yet been entered; (5) that the motion raises nothing that the court had not considered prior to its order of January 21, 1949.

On February 11, 1949, appellees paid their judgment fee.

On March 22, 1949, within sixty days of January 22nd, all motions were argued. The court made the following orders which were entered by the clerk of the court:

"It is ordered Defendants' 'Motion to Strike Motion to Set Aside Order of Dismissal' is granted and the ruling thereon disposes of Intervener's 'Motion to Set Aside Order of Dismissal.' "

"Let the record show the Court heretofore entered an order granting 'Motion to Dismiss and for Entry of Judgment' which order the Court does not deem equivalent to an order to the Clerk for entry of judgment.

"It is further ordered the Court will file a Memorandum of Opinion and simultaneously therewith direct the Clerk to enter judgment in accordance with the Opinion and that thereafter counsel for the Intervener may move for a new trial if they so desire."

In Southwestern Freight Lines v. Shafer, 57 Ariz. 111, 111 P.2d 625, 626, a similar question arose on a different set of facts. In that case the jury returned a verdict in favor of plaintiff, whereupon plaintiff's attorney moved for judgment on the verdict. In response to this motion the court made the following order: "It is ordered that upon the presentation of a formal written judgment by the plaintiff, its approval and signing by the judge and filing thereof with the clerk of the court, judgment will be rendered in favor of the plaintiff and against the defendants in conformity with the verdict."

In Fagerberg v. Denny, 57 Ariz. 188, 112 P.2d 581, 582, in a suit on a note, a trial judge made an order in Yuma County and transmitted it to Yavapai County where the case was tried. Said order being as follows:

"Wherefore, by reason of the law and the premises it is now ordered that upon the coming in of a written form of judgment, and subject to its service, approval, signing and filing, judgment may be entered for the plaintiff and against the defendant in the sum of $58,240.21, and costs.

"Dated this 5th day of February, 1940.
"Henry C. Kelly
"Judge sitting in said cause."

In both the foregoing cases this court held that under the new rules of civil procedure adopted January 1, 1940, by this court, that the above orders were tantamount to a direction of the clerk to enter judgment, and that the entry of said orders constituted the entry of judgment subject to payment of the judgment fee.

The particular rule involved is section 21-1230, A.C.A. 1939, which reads as follows: *"Entry of Judgment.*—Judgment shall be entered when the court *so directs.* When the *direction* is that a party recover only money or costs, or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of *the direction,* but when the direction is for other relief, the judge shall first promptly settle and approve the form of judgment. In cases of judgments for money or costs only, or that there be no recovery, the notation thereof in the civil docket, as provided by Rule 79 (a) (§ 21-1910) constitutes the entry of such judgment, and in cases granting any other relief, filing with the clerk of a form of judgment settled and approved, in writing, by the judge, for recording in the civil order book, as provided by Rule 79 (b) (§ 21-1911) constitutes the entry of such judgment, and in either case the judgment is not effective before such entry. (Rules Civ. Proc., Rule 58.)" (Emphasis supplied.)

A consideration of the holding in these cases leads us to believe that the court misinterpreted these orders in construing Section 21-1230, supra. It is true, as observed in the Shafer case, that a written judgment for money only was no longer required after the promulgation of Rule 58, Section 21-1230, but this rule did require a "direction" (order) for a judgment—this the court recognized and supplied the "direction" by saying the order indicating that a judgment would be rendered upon the presentation, approval, signing, and filing of a written judgment "should be construed as a direction to the clerk to enter judgment * * * upon the verdict * * *." This construction we believe to have been unwarranted and productive of misunderstanding and uncertainty. The abolition of Rule 7 (Rules for Superior Courts effective May 15, 1932) should not have been a license to misconstrue words that should have been interpreted according to their ordinary and commonly understood meaning. The direction was that a judgment "will be rendered (when?) upon the presentation of a formal written judgment * * *, its approval, and signing by the judge and filing thereof with the clerk. * * *" We see no sound reason why these simple words declaring a willingness and intent to order a judgment should be construed as a recordation of a fait accompli. We specifically hold that the order in the instant case was not an order or direction for the entry of a judgment nor susceptible of construction as such. We specifically hold that no entry of an "order" amounts to a judgment or an order for

372

judgment until the court specifically "directs" the clerk to enter judgment as prescribed by Section 21-1230, supra.

In the instant case, a different set of facts prevailed. In addition to the order for judgment to be entered at some future time the lower court ordered "that said motion to dismiss be granted." The section applicable to a dismissal of this sort is section 21-916, A.C.A. 1939, which reads: "*Involuntary dismissal—Effect thereof.*—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal *otherwise specifies,* a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." (Emphasis supplied.)

The question then is, was the order of dismissal filed January 22, 1949, an adjudication on its merits, or did the court otherwise specify?

We must not only look to the January 22, 1949 orders but also to the March 22, 1949 orders which were within the sixty day period allowed for appeal. The trial judge's order striking intervenor's Motion to Set Aside Order of Dismissal is a clear indication that he treated the motion as a motion for a new trial. He apparently struck it for the reason that it was premature because no judgment had yet been filed or entered. This becomes too clear for any other conclusion when one reads these words in his order of March 22, 1949. "Let the record show the Court heretofore entered an order granting 'Motion to Dismiss and for Entry of Judgment'; which order the Court does not deem equivalent to an order to the Clerk for entry of judgment."

Viewing the whole record, we conclude that the order of dismissal by the trial court was not an adjudication of the case on its merits.

Motion to Dismiss denied.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.