236 P.2d 1018

**OLD PUEBLO TRANSIT CO. v. CORPORATION COMMISSION OF ARIZONA et al.**

No. 5486.

Supreme Court of Arizona.

Nov. 5, 1951.

Rehearing Denied Nov. 27, 1951.

------◆------

Knapp, Boyle, Bilby & Thompson, and Arthur Henderson, all of Tucson, for appellant.

Fred O. Wilson, Atty. Gen., Alexander B. Baker and Calvin H. Udall, Asst. Attys. Gen., for appellee Corp. Commission of Arizona.

Jerman & Jerman and Richard R. Greenfield, of Phoenix, A. Y. Holesapple, of Tucson, for appellee Tucson Rapid Transit Co.

LA PRADE, Justice.

The attempted appeal in this case is being disposed of on appellee's motion to dismiss the appeal for want of jurisdiction upon the ground that the appeal was not perfected within the rule time allowed for taking an appeal. The judgment appealed from set aside an order of the Arizona Corporation Commission granting to appellant, Old Pueblo Transit Company, a certificate of necessity and convenience to operate a bus line over certain territory in the city of Tucson. Judgment was entered and filed on November 13, 1950. Being dissatisfied with this judgment, appellant has attempted to appeal therefrom. The provisions of the rule governing an appeal in this situation is section 69–249, A.C.A. 1939, which, in part, provides as follows: "Either party to said action, or the attorney-general on behalf of the state, within thirty (30) days after the rendition of the judgment of the superior court, may appeal to the Supreme Court. * * *" Notice of appeal was filed with the clerk of the superior court on January 23, 1951, 71 days after entry of judgment. The appellant, in resisting the motion to dismiss, shows:

1. That by Rule 77(g), Rules of Civil Procedure for the Superior Courts of Arizona, section 21–1908, A.C.A.1939, immediately upon the entry of an order or judgment, the clerk of the superior court shall serve a notice of the entry by mail upon every party affected thereby, who is not in default for failure to appear and shall make a note in the docket of the mailing. Appellant in the court below, on January 2, 1951, made a motion to have the judgment vacated and re-entered upon the ground that although the judgment was entered on November 13, 1950, the clerk had not served notice by mail of the entry of the judgment and had made no note in the docket of the fact of such mailing. This motion was denied. Prior to November 13th, counsel for appellant had made inquiry of the clerk by mail to determine whether the judgment had

been filed. On November 13th, the clerk advised him by mail that it had not been filed. Presumably the judgment was filed later in the day and after the clerk had answered the letter of inquiry. In any event, counsel for appellant had *actual* notice of the entry of the judgment on November 24th, having been in the clerk's office that day and examined the records.

2. That the period within which an appeal may be taken is not 30 days as provided for in section 69–249, supra, but, in fact, is 60 days as provided in Rule 72, section 21–1801. This rule, in part, provides as follows: "When an appeal is permitted by law to the Supreme Court, it shall be taken by notice filed with the superior court within sixty (60) days from the entry of the judgment or order appealed from, as provided by these rules. * * *" Appellant argues that the 30-day appeal period provided for in section 69–249 is purely procedural; that by the provisions of Laws 1939, chapter 8, section 3, section 19–204, A.C.A.1939, "All statutes relating to pleading, practice and procedure, existing at the time this act takes effect shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated pursuant to this act." (Effective June 12, 1939); that Rule 72, section 21–1801, limiting the time within which an appeal may be taken to 60 days from entry of judgment, was effective January 1, 1940, and is still in effect; and that Rule 72 is all-inclusive and governs all appeals permitted by law to the supreme court and, being the later rule, effects an implied repeal of the 30-day appeal period provided for in section 69–249. Appellant admits that this court is without jurisdiction to entertain the appeal unless it holds (a) that the appeal in this instance might be taken within 60 days and (b) that the 60-day period starts to run from the date that the clerk serves notice by mail and makes a note in the docket of the mailing or on the date that actual notice is had of the entry of the judgment.

Of course, if the jurisdictional fact is to be established only by the clerk mailing notice and making a note thereof in the docket of such mailing, actual notice is of no consequence. It might well be that the notice would never be received due to loss occasioned by riot, fire, flood or other innumerable catastrophies. If the jurisdictional fact is to depend upon the clerk mailing notice and making entry thereof in the docket, then the time within which an appeal might be perfected in this particular case has not started to run to this date.

In view of the fact that we are of the opinion the appeal period within which an appeal may be taken starts to run from the date of the entry of the judgment, it is not necessary for us to pass upon the proposition presented that Rule 72, section 21–1801, fixing the appeal period within 60 days from entry of judgment, constitutes

and effects an implied repeal of the special 30-day appeal period provided for in section 69–249 and we therefore express no opinion thereon.

Appellant, in attempting to have the trial court vacate the judgment and enter a new judgment, was relying upon the procedure approved in Hill v. Hawes, 320 U.S. 520–523, 64 S.Ct. 334, 88 L.Ed. 283, 149 A.L.R. 736, which held that the trial court, in the exercise of a sound discretion, was not in error in vacating a judgment when the appeal period had expired and where the injured party had relied upon the provisions of Federal Rule 77(d) (our Rule 77(g), section 21–1908) with respect to notice. Had it appeared in that case that the petitioner had actual notice of the entry of the judgment before the appeal period expired (as here), it is doubtful that the trial court would have ruled as it did or that the supreme court would have upheld the ruling as an exercise of a sound discretion. We make this observation for the reason that the only purpose of the rule requiring the clerk to mail notice and make entry thereof in the docket is to give the affected party notice, and that when counsel received actual notice all was accomplished that could have been done had the act of mailing been complied with.

Rule 58, section 21–1230, in part, provides: " * * * In cases of judgments for money or costs only, or that all relief be denied, the notation thereof in the civil docket, as provided by Rule 79(a) (sec. 21–1910) con-stitutes the entry of such judgment, and in cases granting any other relief, *filing with the clerk* of a form of judgment settled and approved, in writing, by the judge, for recording in the civil order book, as provided by Rule 79(b) (sec. 21–1911) *constitutes the entry of such judgment,* and in either case the judgment is not effective before such entry." (Emp. sup.) (As amended, effective October 1, 1949.) Our recent cases demonstrating it is the filing with the clerk of a written judgment that constitutes the entry of judgment are: Gillespie Land & Irrigation Co. v. Buckeye Irr. Co., 69 Ariz. 367, 213 P.2d 902; Ingalls v. Neidlinger, 70 Ariz. 40, 216 P.2d 387; Hamilton v. McDaniel, 71 Ariz. 371, 227 P.2d 755.

That too much emphasis should not be placed upon the fact that the clerk fails to give notice in all instances is spelled out in Rule 73(b), section 21–1803, where it is specifically provided that an appeal is effective from the date the notice of appeal is filed with the clerk of the court and this regardless of the fact that the clerk does not notify the affected parties of the filing of the notice of appeal although this rule requires that the clerk do give notice.

The reasoning contained in the dissenting opinion prepared by Mr. Chief Justice Stone (concurred in by Mr. Justice Murphy) in the case of Hill v. Hawes, supra [320 U.S. 520, 64 S.Ct. 336], appeals to us as being the more logical and in conformity with the spirit of the New Rules

and, if declared to be the law, will promote stability and certainty. In part, Mr. Chief Justice Stone said:

"To say that a district court can rightly extend the prescribed time for taking an appeal by the reentry, pro forma, of a final judgment after the time to appeal from it has expired, is to disregard considerations of certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts. It is to sanction the regulation of the time for appeal by courts, contrary to the appeal statute, and without support in law or any rule of court. * * * It is in the public interest, and it is the very purpose of limiting the period for appeal, to set a definite and ascertainable point of time when litigation shall be at an end unless within that time application for appeal has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. (Citing case.)

"That purpose is defeated if judges may enlarge the time for appeal beyond the period prescribed by law, whether by an order purporting directly to extend it or by reentry, without change, of a judgment which has already become final. It is for that reason that this Court has consistently ruled that no federal judge or court possesses the power to extend the time for appeal beyond the statutory period by any form of judicial action which falls short of a reconsideration of the provisions of the judgment in point of substance so as to postpone its finality."

It must be noted that by Rule 58, section 21–1230, the *entry* of judgment is fixed by the fact of its *filing* with the clerk. By Rule 72, section 21–1801, an appeal "shall be taken by notice filed with the superior court within sixty (60) days from the *entry* of the judgment or order appealed from * * *." (Emp. sup.) This is a specific rule relating to a most important fact— the jurisdictional fact. Rule 72 is contained in article 18 of chapter 21. This article relates specifically to "Procedure on Appeal", whereas Rule 77(g), section 21–1908, relating to notice by the clerk, is to be found in article 19. This article relates to the "Superior Courts and Clerks" and for the most part contains directives relating to administration.

It is our view that the applicable time period for appeal commences to run from the entry of judgment, notice of entry thereof not being necessary to start the appeal time running. While the clerk is required by Rule 77(g), section 21–1908, A.C.A.1939, to give notice by mail of the entry of judgment, this duty is a mere accommodation service and failure on his part to perform his duty or, if performed, failure of the losing party to receive notice does not directly affect the time for appeal.

The appeal not having been perfected within either the 30 or 60-day period from date of entry of judgment, this

court is without jurisdiction to entertain the attempted appeal. Consequently, the motion to dismiss should be and is granted and the appeal is ordered dismissed.

UDALL, C. J., and STANFORD and PHELPS, JJ., concur.

DE CONCINI, Justice (dissenting).

I agree with the proposition that if the 30-day statute, section 69–249, supra, applies, then appellant is too late with his notice of appeal. However it is probable that the portion of section 69–249 relating to the 30-day period has been impliedly repealed by section 21–1801, supra, Rules of Civil Procedure, No. 72, which allows 60 days in which to appeal. On that basis I dissent.

It is to be noted that the appellant filed its notice of appeal within 60 days of November 24th, the date on which its attorney actually received notice. Actual notice is sufficient notice. It is further to be noted that the day on which the judgment was entered (November 13th), the clerk in reply to an inquiry of appellant's attorney advised the latter that no judgment had been entered. It is a useless presumption to conclude that the letter was written before the judgment was entered. The important thing is that the appellant's attorney was diligent. He resides in Tucson some 125 miles from the seat of the Maricopa County court. He inquired by mail, and then followed it up by a personal visit to the clerk's office 11 days later, when he actually learned that judgment was entered against his client. His conclusion that he had 60 days in which to appeal was reasonable and sustained in the law.

The only reason that I can fathom for the purpose of the statute is that the clerk must give notice to counsel of entry of judgment so counsel will know when his time of appeal begins. It is an extreme burden to put on an attorney when he is appearing before a court in a county other than his own to continually inquire if and when a judgment has been entered. He is entitled to notice under the law, and has a right to know 60 days before his client's rights to appeal are lost.

The majority opinion cites three Arizona cases; Gillespie Land & Irrigation Co. v. Buckeye Irr. Co., Ingalls v. Neidlinger, and Hamilton v. McDaniel, supra; and one U. S. Supreme Court case, Hill v. Hawes.

A reading of the Arizona cases will disclose that in none of those cases was the question of lack of notice of entry of judgment on the part of the litigants involved. Hence they are not in point.

The majority opinion cites the *minority view* of Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 336, 88 L.Ed. 283, 149 A.L.R. 736. The case is authority for the following: "It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed

notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule. * * * But we think it was competent for the trial judge, in the view that the petitioner relied upon the provisions of Rule 77(d) with respect to notice, and in the exercise of a sound discretion, to vacate the former judgment and to enter a new judgment of which notice was sent in compliance with the rules." (Rehearing in the Hawes case was denied in 321 U.S. 801, 64 S.Ct. 515, 88 L.Ed. 1088). See also Commercial Credit Corp. v. U. S., 8 Cir., 175 F.2d 905; U. S. v. Certain Lands, etc., D.C., 82 F.Supp. 432.

The majority opinion cites Rule 73(b), section 21–1803, which provides for the clerk to give notice when an appeal has been filed, and specifically sets out "* * * but his (clerk) failure so to do does not affect the validity of the appeal." It is significant that Rule 77(g), section 21–1908, the one in controversy here, does not so provide.

I think the motion to dismiss the appeal should be denied and the case determined on its merits.