505 P.2d 1046

**Arthur VANDER WAGEN and Ruth Vander Wagen, his wife, Appellants,**

**v.**

**Matthew S. HUGHES and Jean Hughes, his wife, Appellees.**

**No. 1 CA-CIV 1770.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 8, 1973.

Rehearing Denied March 7, 1973.
Review Denied April 10, 1973.

**156**

Carson, Messinger, Elliott, Laughlin & Ragan, by Robert W. Holland, Phoenix, for appellants.

Powers, Boutell, Fannin & Kurn, by William T. Boutell, Jr., Phoenix, for appellees.

HAIRE, Judge.

In this matter the successful plaintiffs in a mortgage foreclosure action have appealed from the trial court's denial of their motion (filed more than thirteen months after the entry of the original foreclosure judgment) to amend the foreclosure judgment so as to insert language permitting the plaintiffs to pursue the defendants for a deficiency remaining after the foreclosure. Because of the nature of the contentions urged by the parties, we find it necessary to set forth in detail the chronological sequence of events occurring subsequent to the time the trial court directed that judgment of foreclosure be entered for the plaintiffs.

Plaintiffs' complaint sought judgment on a debt owed by defendants to plaintiffs and foreclosure of a mortgage upon a leasehold interest securing the payment of that debt. On January 23, 1970, the trial court granted plaintiffs' motion for a directed verdict and by minute entry order ruled that "plaintiffs have judgment of foreclosure as prayed in their complaint". The complaint had prayed for foreclosure of the mortgage and for a deficiency judgment against the defendants if the proceeds of the sheriff's sale were not sufficient to satisfy the judgment.

On February 16, 1970, plaintiffs lodged with the trial court a formal written judgment. On February 18, 1970, plaintiffs filed a motion for order approving and settling second report and account of receiver. The defendants did not file any objections to the form of the judgment proposed by plaintiffs nor did they file any objections to the receiver's report.

On February 26, 1970, the trial court signed the judgment as presented by plaintiffs, and the judgment was filed on February 27, 1970. On March 2, 1970, the trial court entered a formal written order approving the receiver's account. The foreclosure judgment prepared by the plaintiffs and signed and filed on February 27, 1970, contained no provision for the recovery of any deficiency from defendants.

The plaintiffs thereafter proceeded with a sheriff's sale of the mortgaged leasehold interest. At the sale, plaintiffs purchased the mortgaged property, bidding an amount substantially less than their judgment. Some time later, at a date not reflected in the record, the plaintiffs commenced efforts in the California courts to reduce the Arizona judgment to a California judgment so as to proceed in that state against defendants for the deficiency. On December 23, 1970, California counsel advised plaintiffs' Arizona counsel that the Arizona judgment did not contain any provision for a deficiency judgment.

On January 5, 1971, (more than ten months after the entry of the foreclosure judgment), plaintiffs filed in the Maricopa County Superior Court a "Motion for Entry of Judgment Nunc Pro Tunc" with an order to show cause setting the motion for hearing on January 8, 1971. This motion alleged that "counsel for the plaintiffs has

now discovered that through mistake, inadvertence or excusable neglect, the judgment as entered by the court did not [contain provisions authorizing a deficiency judgment against defendants]."[1] As authority for the *nunc pro tunc* relief requested, plaintiffs relied upon the provisions of Rule 58(a), Rules of Civil Procedure, 16 A.R.S. This motion will hereinafter be referred to as plaintiffs' first motion.

Defendants' response to plaintiffs' first motion indicated that defendants' counsel had realized at the time of entry that by their judgment plaintiffs were not seeking to pursue defendants for a deficiency; that based upon this realization defendants had made a series of forbearances. They had purposely made no objection to the form of the judgment although it incorrectly treated the mortgaged leasehold as abandoned property and thus substantially impaired defendants' redemption rights; they had refrained from objecting to the receiver's report and account or plaintiffs' statement of costs; they had refrained from exercising their appeal rights; they had refrained from bidding or appearing at the sheriff's sale; and they had refrained from exercising their equities and rights of redemption.

The defendants' response to plaintiffs' first motion further contended that plaintiffs' only possible remedy for plaintiffs' "mistake, inadvertence or excusable neglect" was provided by Rule 60(c)(1), Rules of Civil Procedure, 16 A.R.S., but that even that remedy was no longer available because more than six months had expired since the entry of the judgments sought to be amended. On January 18, 1971, the trial court denied plaintiffs' first motion.

Plaintiffs did not appeal or attempt to appeal from the trial court's denial of their first motion. They did nothing until another two and one-half months had passed. Then, on April 6, 1971, some thirteen months after the foreclosure judgment had been entered, they filed a second motion entitled "Motion to Vacate Judgment and Decree of Foreclosure and to Set Aside Sheriff's Sale and Declare Sheriff's Deed to be Null and Void". In essence, the primary purpose of this second motion was to have the original judgment amended so as to contain the same deficiency language as was sought in plaintiffs' first motion. As stated by defendants in their response to this second motion, "Plaintiffs are trying to categorize their motion in different terms, but the result which they seek is exactly the same result which they sought before when they labeled their motion 'Motion for Entry of Judgment Nunc Pro Tunc' ".

In defendants' response to this second motion, defendants again pointed out that plaintiffs were seeking relief from their own alleged "mistake, inadvertence or excusable neglect" and that the six month maximum limitation in Rule 60(c)(1) made such relief unavailable here. Defendants further responded that if plaintiffs contended that they were entitled to relief under Rule 60(c)(6) (which permits relief from a final judgment for "any other reason justifying relief from the operation of the judgment"), then their motion had not been made "within a reasonable time" after entry of the judgment as required for relief under the provisions of subdivision 6 of Rule 60(c). The defendants reiterated the forbearances which they had detailed in their response to plaintiffs' first motion, pointed out that an additional two and one-half months had now passed, and that the thirteen months which had passed since entry of the judgment was particularly important since this meant that over thirteen

---

1. *See* Greater Arizona Savings & Loan Association v. Gleeson, 5 Ariz.App. 577, 429 P.2d 464 (1967), concerning the requirements for deficiency language in a foreclosure judgment. On this appeal, no question has been raised concerning the sufficiency of the language of the original judgment. We are only concerned with the question of whether the trial court erred in refusing to grant a motion filed by plaintiffs seeking to amend that judgment.

additional months of the lease term had now expired, and that the mortgaged property was a relatively short-term leasehold interest.

On April 9, 1971, the trial court entered a minute entry order denying plaintiffs' second motion. Sixty days later on June 8, 1971, the plaintiffs filed a notice of appeal, purporting to appeal from this minute entry order. After the appeal was docketed in this Court, the defendants filed a motion to dismiss the appeal because the April 9, 1971 order did not meet the requirements of Rule 58(a), Rules of Civil Procedure, 16 A.R.S., and thus was not in appealable form. Instead of dismissing the appeal, this Court, under the authority of Eaton Fruit Co. v. California Spray-Chemical Corp., 102 Ariz. 129, 426 P.2d 397 (1967), entered its order on October 22, 1971 suspending the appeal, thereby giving plaintiffs an opportunity to obtain from the trial court a formal written appealable order.

Among other provisions, our order contained the following:

"In the event the formal written order is entered, the foregoing additional documents are filed and these matters together with a supplemental abstract of record are filed on or before 29 December 1971 the appeal will be automatically reinstated. *In the event the same are not so received this Court will enter its order granting the motion to dismiss the appeal.*" (Emphasis added.)

Although the formal written order was entered by the trial court on November 12, 1971, the plaintiffs did not file their new notice of appeal until thirty-five days later, December 17, 1971, and did not file their supplemental abstract of record with this Court until January 11, 1972, some thirteen days after the deadline fixed by this Court for the automatic dismissal of the appeal.

■ In their brief, defendants urge that the above-cited failure of the plaintiffs to comply with this Court's order of October 22, 1971, would furnish an adequate basis for the dismissal of the appeal, and we agree. However, we prefer not to dispose of the appeal on this technical basis, inasmuch as both parties have fully briefed and orally argued the merits of the appeal.

■ Bearing in mind that the only question presented to us is whether the trial court erred in denying plaintiffs' second motion, the "Motion to Vacate Judgment and Decree of Foreclosure and to Set Aside Sheriff's Sale and declare Sheriff's Deed to be Null and Void", we find no abuse of the trial court's discretion. In our opinion plaintiffs' motion must properly be considered as a request for relief under the provisions of Rule 60(c)(1). Therefore it is barred by the applicable six months limitation. This limitation cannot be disregarded by the seemingly simple expedient of stating that relief is requested under the provisions of Rule 60(c)(6), where the only limitation is that relief must be requested within a "reasonable time". Even if we were to consider applicable the provisions of Rule 60(c)(6), then we are of the opinion that under all the circumstances shown by the record, the filing of the motion more than thirteen months after the entry of the judgment was not "within a reasonable time". The provisions of Rule 60(c) were not intended to completely emasculate the sound principle that judgments must at some reasonable point in time achieve finality. We therefore affirm the trial court's denial of plaintiffs' second motion.

In view of the foregoing, we find it unnecessary to consider defendants' contention that the trial court's denial of plaintiffs' first motion constituted the law of the case, thereby precluding the relief requested in plaintiffs' second motion.

Affirmed.

JACOBSON, Chief Judge, Division 1, and EUBANK, Presiding Judge, Department B, concur.