624 P.2d 326

Lillee V. VITAL, Plaintiff-Appellant,

v.

Ron JOHNSON, as the Justice of the Peace, South Phoenix Justice Court, Maricopa County; and Ben Cornish, Robert Nairn, Patricia Fulks, Daniel Donahoe, Elva Olliver, as members of the Maricopa County Employees Merit System Commission, Defendants-Appellees.

No. 1 CA–CIV 5597.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 23, 1980.

Rehearing Denied Feb. 5, 1981.

Review Denied March 3, 1981.

Charles F. Hyder, Maricopa County Atty., by Q. Dale Hatch, Deputy County Atty., Phoenix, for appellees.

Mahoney & Rood by William P. Mahoney, Jr., Phoenix, for appellant.

## OPINION

HAIRE, Presiding Judge.

This appeal is before the court on a *sua sponte* inquiry into our jurisdiction. *See Rueda v. Galvez*, 94 Ariz. 131, 382 P.2d 239 (1963). On motion of the appellant, the trial court vacated its original judgment and re-entered judgment so that appellant, who had not been advised by minute entry of the filing of the original judgment, could file a timely notice of appeal from the subsequently entered judgment. We hold that the trial court's vacation of the original judgment and the re-entry of a new, identical judgment was without legal basis and that the appeal must be dismissed.

The appellant Lillee Vital instituted an action in the superior court pursuant to the Administrative Review Act, A.R.S. § 12–901 *et seq.*, to obtain a reversal of the appellee Commission's decision upholding her discharge from employment. The trial court heard argument on the appeal on January 18, 1980, and called for the submission of simultaneous memoranda within ten days. On March 3, 1980 the trial court rendered its decision, embodied in a minute entry, affirming the decision of the Commission. On March 11, 1980 appellant's counsel lodged a form of judgment with the superior court. On March 14, 1980 the trial judge signed the judgment. It was filed with the clerk of the court on March 17th.

For some unknown reason, no minute entry or notice of the entry of judgment was mailed to counsel.[1] Thereafter, on July 7, 1980 the trial judge made a minute entry order "approving and settling formal written judgment signed by the court March 14, 1980." This was followed by appellant's motion "to vacate judgment and re-enter the same", filed and served on July 8th.

---

1. There is no suggestion, however, that entry of judgment was not noted in the clerk's docket book.

Appellant's counsel stated that he had had no knowledge of the entry of judgment until July 3rd, and that he had written to the clerk of the superior court on April 29, 1980 suggesting that the entry of judgment be expedited. There had been so response to that letter.

Appellee noted in its response to appellant's motion that no minute entry reflecting the signing of the judgment was received until July 10, 1980. At a hearing on August 28th, the trial court found that there was good cause appearing for the motion to vacate, and it vacated the judgment entered on March 17th. An identical judgment was signed by the court on September 2nd, and entered on September 8, 1980. Appellant filed a notice of appeal within 30 days thereafter.[2]

Rule 77(g) of the Rules of Civil Procedure, 16 A.R.S., is critical to the question before us. The rule reads in pertinent part as follows:

> "Minute entries; notice of entry of judgments. The clerk shall mail copies of all minute entries to all parties. Immediately upon the entry of a judgment as defined in Rule 54(a), the clerk shall mail a notice of the entry of judgment stating the date of entry, in the manner provided for in Rule 5, to every party who is not in default for failure to appear, and shall make a record of the mailing. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed.*" (Emphasis added).

Appellant's position in the trial court and in this court is based upon the federal authorities which have held that the language of Federal Rule 77(d), analogous to our Rule 77(g), is to be read as, in effect, subordinate to Federal Rule 60(b)(6) (our Rule 60(c)(6)), which authorizes relief from a final judgment for any meritorious reason other than those set forth in Federal Rule

60(b)(1) through 60(b)(5). The rationale of these cases is set forth in *Buckeye Cellulose Corporation v. Braggs Electric Construction Co.*, 569 F.2d 1036 (8th Cir. 1978):

> "On its face Rule 77(d) appears to bar the relief sought by Buckeye. Rule 77(d), however, must be read together with Fed. R.Civ.P. 60(b)(6) which provides that, upon motion and under such terms as are just, the district court may relieve a party from a final judgment or order for 'any other reason justifying relief from the operation of the judgment.' As the Supreme Court has noted, rule 60(b)(6) 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). *See Hansen v. United States*, 340 F.2d 142, 143 (8th Cir. 1965); *Fleming v. Gulf Oil Corp.*, 547 F.2d 908, 912–13 (10th Cir. 1977).

> "In our opinion a wooden reading of Rule 77(d) would thwart rather than promote the ends of justice. We agree with the District of Columbia Circuit when it stated:

>> 'We recognize that Rule 77(d) provides that the failure of the clerk to notify a party of the entry of judgment does not extend the time within which the party may appeal. This rule is intended to preserve the finality of judgments. If the parties do not know of the entry of judgment, the winning party cannot rely on the judgment and the losing party cannot make a "free, calculated, deliberate" choice not to appeal. *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). In these circumstances the purposes behind Rule 77(d) would not be served by denying the losing party the privilege of appealing and, in our view, justice demands that the losing party be given that opportunity. *Expeditions Unlimited Aquatic Enterpris-*

---

**2.** Appellant had filed a previous notice of appeal on July 31, 1980 "from the judgment dated March 14, 1980 and entered on the 7th day of July, 1980 * * *." As stated above, however, the judgment had in fact been entered on March 17, 1980, and the notice of appeal was not timely under Rule 9(a) of the Rules of Civil Appellate Procedure, 17A A.R.S.

es, Inc. v. Smithsonian Institute, 163 U.S.App.D.C. 140, 141, 500 F.2d 808, 809 (1974).'" 569 F.2d at 1038.

While this rationale has found favor in the federal courts, it has been rejected by our own supreme court. Although the facts of *Old Pueblo Transit Co. v. Corporation Commission of Arizona*, 73 Ariz. 32, 236 P.2d 1018 (1951), are distinguishable from those of this case, in that in *Old Pueblo* appellant's counsel had actual knowledge of the entry of judgment, the majority opinion took pains to quote from the dissenting opinion of Mr. Chief Justice Stone in *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), as follows:

"To say that a district court can rightly extend the prescribed time for taking an appeal by the reentry, pro forma, of a final judgment after the time to appeal from it has expired, is to disregard considerations of certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts. It is to sanction the regulation of the time for appeal by courts, contrary to the appeal statute, and without support in law or any rule of court. * * * It is in the public interest, and it is the very purpose of limiting the period for appeal, to set a definite and ascertainable point of time when litigation shall be at an end unless within that time application for appeal has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. [Citing case].

"That purpose is defeated if judges may enlarge the time for appeal beyond the period prescribed by law, whether by an order purporting directly to extend it or by reentry, without change, of a judgment which has already become final. It is for that reason that this Court has consistently ruled that no federal judge or court possesses the power to extend the time for appeal beyond the statutory period by any form of judicial action which falls short of a reconsideration of the provisions of the judgment in point of substance so as to postpone its finality." 320 U.S. at 524–5, 64 S.Ct. at 336, quoted at 73 Ariz. 36, 236 P.2d 1018.

For its holding, our supreme court in *Old Pueblo* stated:

"It is our view that the applicable time period for appeal commences to run from the entry of judgment, notice of entry thereof not being necessary to start the appeal time running. While the clerk is required by Rule 77(g), section 21–1908, A.C.A. 1939, to give notice by mail of the entry of judgment, this duty is a mere accommodation service and failure on his part to perform his duty or, if performed, failure of the losing party to receive notice does not directly affect the time for appeal."

The sentence of present Rule 77(g) underscored above was not a part of our procedural law when *Old Pueblo* was decided. It was adopted as a part of what was then designated Rule 77(h), effective January 1, 1956. Thus, the last sentence of present Rule 77(g) essentially adopts the view stated in *Old Pueblo*. It speaks precisely to the problem posed by the lack of notice by the clerk of the entry of judgment and it explicitly negates the authority of the court to relieve a party for failure to appeal within the time allowed. We are not at liberty to change the plainly stated effect of the rule; to do so, by reference to Rule 60(c)(6) or any other rule of less specific application, would simply deny the efficacy of Rule 77(g). *Cf. Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971). We must accordingly reject the federal authorities advanced by appellant, epitomized by *Buckeye Cellulose, supra*.

We recognize the harshness of the result mandated by Rule 77(g) in situations where the record clearly discloses that the failure to timely appeal has directly resulted from the clerk's failure to mail or otherwise give notice of the entry of judgment by the court. However, the rule-making authority is vested in the Arizona Supreme Court and that court has expressed its policy in clear and unambiguous terms. As we have noted above, Rule 77(g) envisions the precise situation presented by the facts of this case and

expressly precludes the granting of relief from a failure to timely appeal resulting from such facts. The prerogative to change the policy expressed in Rule 77(g) so as to ameliorate its harshness lies with the Arizona Supreme Court, and not with this court. *McKay v. Industrial Commission*, 103 Ariz. 191, 438 P.2d 757 (1968).

It is clear in the record before us that judgment was entered on March 17, 1980, and that no timely appeal was taken therefrom. Under the last sentence of Rule 77(g), the trial court was without authority to vacate and re-enter judgment so as to permit a timely appeal, and no valid appeal could be taken from the purportedly re-entered judgment. This court accordingly lacks jurisdiction over the appeal.

The appeal is dismissed.

JACOBSON and EUBANK, JJ., concur.