637 P.2d 312

In the Matter of 1971 DODGE ARIZONA LICENSE # 2PK–245, VIN: B–12A B1U325499.

The STATE of Arizona, Plaintiff/Appellee,

v.

Jose Luis LERMA, Defendant/Appellant.

No. 2 CA–CIV 3997.

Court of Appeals of Arizona, Division 2.

Nov. 25, 1981.

Richard N. Groves, Santa Cruz County Atty. by William I. Rothstein, Deputy County Atty., Nogales, for plaintiff/appellee.

L. B. Solsberry, Sonoita, for defendant/appellant.

## OPINION

HOWARD, Judge.

On April 9, 1981, appellee moved to dismiss this appeal on grounds that it was untimely made. Rule 9(a), Rules of Civil Appellate Procedure, 17A A.R.S. We denied the motion after receiving an "amended order" dated March 23, 1981, which appeared to make appellant's filing of this appeal on March 27, 1981 timely. We now reconsider and order the appeal dismissed for lack of jurisdiction.

Ordinarily we would merely enter an order dismissing the appeal. However, because the issues presented may be of interest to the trial bench and practicing bar, we have decided that disposition should be made by formal opinion.

On March 21, 1980, the State of Arizona instituted forfeiture proceedings against a 1971 Dodge van pursuant to A.R.S. § 36–1041 et seq. The vehicle was alleged to have been involved in the transport of marijuana in violation of A.R.S. §§ 36–1002.05, 36–1002.06 and 36–1002.07. After two motions to dismiss the case and three motions to suppress evidence by appellant, a trial without a jury was held on January 5, 1981. At the close of the evidence, the matter was taken under advisement by the court "to re-evaluate the motion to suppress and, additionally the legality of the impoundment itself."

On January 29, 1981, a signed order was filed by the court which reads as follows:

"The Court having taken the above referenced action under advisement now finds and ORDERS as follows:

1. That this Court will not reconsider its ruling on the Motion to suppress pursuant to the dictates of Rule 16.1 d, Arizona Rules of Criminal Procedure.

2. That the vehicle was transporting marijuana at the time that it was seized.

IT IS, THEREFORE, ORDERED that the above referenced vehicle be forfeited [sic] to the *State of Arizona* and sold pursuant to the Arizona Revised Statutes.

DATED this 28th day of January, 1981." (Emphasis added)

Copies of this order were sent to the attorneys for appellant and appellee.

No appeal was taken from this order within the thirty-day period pursuant to Rule 9(a), Rules of Civil Appellate Procedure, 17A A.R.S., nor was any motion to amend the order pursuant to Rule 59(*l*), Arizona Rules of Civil Procedure, 16 A.R.S., made within the fifteen-day limit of that rule.

On March 23, 1981, the court on its own initiative filed an "amended order" which was an exact replica of the January 29, 1981, order except the forfeiture receiving agency was changed from "State of Arizona" to "City of Nogales". Appellant filed a notice of appeal following this "amended order" on March 27, 1981. The issues raised by appellant in this appeal did not deal with the "amendment" but were those of evidence suppression and case dismissal which had previously been raised both before and during the forfeiture proceedings.

The question presented by the above sequence is whether a court may start the appeal time running anew by issuing an amended order on its own initiative after the statutory time period for amendment has passed when the appeal from this order does not contest the amendment. We think not. It is in the public interest to limit the time for appeal so that all parties know that litigation will achieve some finality at an ascertainable point. See *Vital v. Johnson*, 128 Ariz. 129, 624 P.2d 326 (App.1981), *Vander Wagen v. Hughes*, 19 Ariz.App. 155, 505 P.2d 1046 (1973).

"The right to appeal exists only where expressly and affirmatively granted by statute." *Matter of the Estate of Balcomb*, 114 Ariz. 519, 562 P.2d 399 (App.1977). The only arguable statutory authorization for appealing this "amended order" would be A.R.S. § 12–2101(C) which allows an appeal from any special order made after final judgment. This appeal from the amended order presents the same questions as would be presented on an appeal from the judgment. "An order made after judgment is not appealable if the appeal presents the same question as would be presented on an appeal from the judgment." *Reidy v. O'Malley Lumber Company*, 92 Ariz. 130, 374 P.2d 882 (1962).

The timely filing of a notice of appeal is a jurisdictional prerequisite. *Arizona Department of Economic Security v. Hall*, 120 Ariz. 514, 586 P.2d 1326 (App. 1978). No court possesses the power to extend the time for appeal beyond the statutory period by any form of judicial action which falls short of a reconsideration of the provisions of the judgment in point of substance so as to postpone its finality. *Old Pueblo Transit Co. v. Corporation Commission of Arizona*, 73 Ariz. 32, 236 P.2d 1018 (1951) quoting from dissent in *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed.2d 283 (1944); see also *Vital v. Johnson*, supra, and Rule 5(b), Rules of Civil Appellate Procedure, 17A, A.R.S.

No valid appeal can be taken from this amended order, and therefore this court lacks jurisdiction. The appeal is dismissed.

HATHAWAY, C. J., and BIRDSALL, J., concur.