643 P.2d 28

LONE MOUNTAIN RANCH, INC., an Arizona corporation, Plaintiff/Appellee,

v.

DILLINGHAM INVESTMENT, INC., a California corporation, dba Cal-Gas; California Liquid Gas, Inc., a Delaware corporation, dba Cal-Gas; and Dewey Varboncour and Joyce Joan Varboncour, husband and wife, Defendants/Appellants.

No. 2 CA–CIV 4234.

Court of Appeals of Arizona, Division 2.

March 5, 1982.

Bilby, Shoenhair, Wanock & Dolph, P. C. by William H. Tinney and Michael J. Rusing, Tucson, for plaintiff/appellee.

Lesher, Kimble & Rucker, P. C. by William E. Kimble and Michael P. Morrison, Tucson, for defendants/appellants.

## OPINION

HOWARD, Chief Judge.

Does the failure to receive notice of entry of judgment by the clerk under Rule 77(g), Arizona Rules of Civil Procedure, 16 A.R.S., justify relief under Rule 60(c)(1) or 60(c)(6), Arizona Rules of Civil Procedure, 16 A.R.S.? We conclude that it does not and affirm.

On March 11, 1981, a jury verdict awarded appellee damages against appellants. The parties stipulated that the issues, prejudgment interest and attorney's fees were to be decided by the court after the jury verdict. These issues were submitted to the court without oral argument on March 30, 1981, and appellee's counsel gave the trial court various forms of judgment for its use, depending on how it decided the issues. Copies of these forms were also provided to appellants' counsel.

On May 21, the trial court entered a written judgment which, inter alia, awarded appellee interest at the rate of 10% per annum on the jury's verdict from the date of entry of judgment and prejudgment interest in the amount of $34,779.84. Notice of the entry of this judgment was sent to appellants.

Perceiving an ambiguity in the judgment, appellee moved to amend the order to provide that the 10% interest applied not only to the jury's verdict but also to the prejudgment interest. This motion and a copy of the proposed amended judgment was mailed to appellants' counsel on June 3. On June 9 the trial court entered the amended judgment. This amended judgment appears to have been entered prematurely since under Rule 4, Uniform Rules of Procedure of the Superior Court of Arizona and Rule 6(e), Arizona Rules of Civil Procedure, 16 A.R.S., appellants had eight days to serve and file an answering memorandum. However, neither party has ever made an issue of this apparent irregularity.

The clerk never gave appellants notice of the entry of the amended judgment. On July 15, appellant's counsel discovered that the amended judgment had been entered when he received a letter from appellee's counsel.

On July 27, appellants moved to set aside the amended judgment pursuant to Rules 60(c)(1) and (6) on the ground that they had not received any notice of the entry of the amended judgment. The motion also stated that appellants were intending to file a motion for a new trial or for a remittitur and had been waiting to find out the disposition of the motion to amend before they filed their pretrial motions.

The trial court, relying on *Vital v. Johnson*, 128 Ariz. 129, 624 P.2d 326 (1981), denied the motion to set aside. In *Vital*, the court inquired sua sponte into its own jurisdiction to hear the appeal. The facts in *Vital* were that on March 17, 1980, the trial court entered a judgment against appellant Vital. No entry of judgment was mailed to counsel for Vital and he did not find out about the judgment until July 3. Appellant's motion to vacate the judgment of March 17 was granted on August 28, 1980 and on September 8 an identical judgment was entered by the trial court. Appellant filed a notice of appeal within thirty days from the September 8 judgment. Division One correctly held that under the last sentence of Rule 77(g), the trial court was without authority to vacate and re-enter judgment so as to permit a timely appeal, and no valid appeal could be taken from the purportedly re-entered judgment.

Rule 77(g), which is crucial to the question raised in *Vital* and here, reads in pertinent part:

"*Minute Entries; notice of entry of judgments.* The clerk shall mail copies of all minute entries to all parties. Immediately upon the entry of a judgment as defined in Rule 54(a), the clerk shall mail a notice of the entry of judgment stating the date of entry, in the manner provided for in Rule 5, to every party who is not in default for failure to appear, and shall make a record of the mailing. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."

Appellants contend that *Vital* does not govern here because they do not want the trial court to set aside the judgment and then re-enter it in order to give them an opportunity to appeal. Instead, they claim all they want is a chance to give the trial court an opportunity to rule on their post-trial motion. If appellants lose these motions, they recognize that *Vital* would bar pursuit of an appeal. We are unable to accept appellants' argument.

Our Supreme Court recognized long ago that the clerk's notice requirement in Rule 77(g) is a mere accommodation service for the litigants and that they have a duty to make inquiry on their own as to whether a judgment has been entered. See *Old Pueblo Transit Co. v. Corporation Commission of Arizona*, 73 Ariz. 32, 236 P.2d 1018 (1951). This duty precludes appellants from claiming inadvertence, surprise or excusable neglect under Rule 60(c)(1).

Rule 60(c)(6) authorizes the court to grant relief from a judgment for any other reasons justifying relief. Rule 60(c)(6) is available only in cases evidencing extraordinary circumstances. *Dunn v. Law Offices of Ramon R. Alvarez*, 119 Ariz. 437, 581 P.2d 282 (1978). The duty which we have previously referred to precludes the existence of extraordinary circumstances. There is also another reason why the trial court did not err. Rule 59(d), Arizona Rules of Civil Procedure, 16 A.R.S. states that "[a] motion for new trial shall be filed not later than 15 days after *entry* of the judgment." (Emphasis added) The time limits in this rule are mandatory, *Einboden v. Martin*, 70 Ariz. 245, 219 P.2d 330 (1950), and are to be strictly applied. *Welch v. McClure*, 123 Ariz. 161, 598 P.2d 980 (1979). The time limits of Rule 59(d) may not be enlarged by the trial court. Rule 6(b). Appellant had 10 days after the *entry* of the amended judgment, not 10 days after *notice of entry* to file a motion for new trial. Strict compliance with Rule 59(d) and the mandate of Rule 6(b) prohibits the trial court here from setting aside the amended judgment.

Affirmed.

BIRDSALL, J., and LILLIAN S. FISHER, Superior Court Judge, concur.

NOTE: Judge JAMES D. HATHAWAY having recused himself in this matter, Judge LILLIAN S. FISHER was called to sit in his stead and participate in the determination of this decision.