669 P.2d 78

Bartholow PARK, Jr., Petitioner,

v.

The Honorable Gerald J. STRICK, Judge of the Superior Court of Maricopa County, State of Arizona, and Dorothy E. Park, Respondents.

No. 16397–SA.

Supreme Court of Arizona, En Banc.

June 30, 1983.

Rehearing Denied Sept. 13, 1983.

Sorenson, Moore, Benham, Garrett & Julian by J. William Moore, Phoenix, for petitioner.

David W. Adler, Phoenix, for respondent Dorothy E. Park.

FELDMAN, Justice.

This special action was filed after petitioner's motion for relief from judgment pursuant to Ariz.R.Civ.P. 60(c) was denied by the trial court.[1] Having concluded that the case raises issues of substantive importance and that remedy by appeal is inadequate, we accepted jurisdiction pursuant to Ariz.Const. art. 6, § 5, and Ariz.R.Sp.Act. 4, 17A A.R.S.

On May 22, 1981, petitioner filed an action for dissolution of his marriage to the respondent, Dorothy E. Park. A decree of dissolution was entered after trial and petitioner made a timely motion for a new trial. This motion was argued to the trial court on October 1, 1982, and taken under advisement. Later that same day, the trial court entered a minute entry denying the petitioner's motion. This minute entry was never received by petitioner's attorney.

On October 7, 1982, respondent's attorney presented a formal, written order denying the motion for a new trial to the trial judge, who signed the order on that same day. The order did not mention the name of petitioner's attorney, nor did it contain a certificate of mailing or service. Petitioner's attorney did not receive a copy of the formal, written order.[2] The trial court signed a minute entry reflecting entry of the formal, written order which was filed with the clerk on October 7, 1982. The deputy clerk who prepared the minute entry did not mail a copy of it to petitioner's attorney, as required by Rule 77(g), because his name did not appear on the formal written order which had been prepared and submitted by respondent's counsel. The affidavit of the deputy clerk stated that the standard practice in her office is to obtain the names and addresses of the attorneys to whom minute entries are mailed from the written order or judgment submitted to the court for signature.

In early December 1982, petitioner's attorney contacted the trial judge to discover the status of his motion for new trial. He was informed that the judge was on vacation until December 13. On December 17, the attorney called the court and discovered that the minute entry denying his motion had been signed and filed with the clerk on October 7.

Petitioner immediately filed a motion for relief from judgment pursuant to Rule 60(c).[3] Since petitioner had no knowledge of the order denying his motion for new trial and had received no notice of the entry of that order, he had failed to file notice of appeal within thirty days; appeal was therefore precluded. Ariz.R.Civ.App.P. 9. Petitioner therefore moved the court to vacate the order denying the motion for new trial and to reenter it in order to recommence the time period for filing a notice of appeal. Respondent opposed this motion. The trial court heard oral argument on the issue and denied the motion, finding that (1) petitioner's counsel did not receive the minute entry showing the ruling of October 1, 1982; (2) the formal written order submitted to the court by respondent's attor-

---

1. The Rules of Civil Procedure will hereinafter be referred to as "Rule _____."

2. Respondent's attorney claimed he mailed a copy of the formal written order to petitioner's attorney on October 7, 1982, along with two motions to quash writs of garnishment and the corresponding orders. Petitioner's counsel admitted he received the two motions, but not the copy of the formal order in question. Included in the envelope sent to petitioner's attorney was a note from respondent's counsel stating: "Enclosed are orders quashing garnishments." There was no mention of the formal order. It was not until December 20, 1982 that respondent's attorney filed a certificate of mailing, stating that on October 7, 1982 he had mailed a copy of the formal order to petitioner's counsel.

3. The petitioner moved under Rule 60(c)(3) and (6) which read:

    On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment.

    The findings of the trial court preclude any application of clause 3. This opinion is limited to the application of clause 6 under the circumstances set forth in the facts.

ney was sent by respondent but was never seen by petitioner's counsel; (3) the minute entry reflecting that the order was signed on October 7, 1982 was sent to respondent's attorney but never sent to petitioner's counsel; (4) in equity the court would have been inclined to grant the relief requested but lacked jurisdiction to do so under the rule of *Vital v. Johnson,* 128 Ariz. 129, 624 P.2d 326 (App.1980).

Based on the denial of his motion, petitioner sought relief in this court. In the usual case, Rule 60(c) is invoked so that a party may obtain relief from a judgment or order in order to assert some defense to the relief granted by that judgment or order. In this case and in *Vital, supra,* relief was sought under Rule 60(c) for a different purpose—in order to re-start the time period for filing notice of appeal by having the trial court first vacate the order and then reenter it. We accepted the petition in order to examine the decision in *Vital, supra,* and the interplay between Rules 60(c) and 77(g).[4]

In *Vital,* the appellant brought an action in superior court to obtain a reversal of a decision upholding her discharge from employment. The trial court heard argument on the matter, read the parties' memoranda, took the matter under advisement, and entered judgment on March 17, 1980. Neither counsel received a copy of the minute entry or notice of the entry of judgment as required by Rule 77(g). Appellant wrote the clerk of the court on April 29, 1980 to inquire about the appeal, but did not receive a response. On July 3, 1980, appellant

first found out that judgment had been entered on March 17 and immediately moved to set the judgment aside pursuant to Rule 60(c)(6). The trial court vacated the judgment and then reentered it. Appellant filed a timely notice of appeal from the "new" judgment.

The court of appeals dismissed the appeal as untimely. Relying on the language of Rule 77(g) and this court's decision in *Old Pueblo Transit Co. v. Corporation Commission,* 73 Ariz. 32, 236 P.2d 1018 (1951), the *Vital* court found that under all circumstances the trial court lacked authority to vacate a judgment and reenter the same in order to recommence the time for filing a notice of appeal. 128 Ariz. at 132, 624 P.2d at 329. Specifically rejecting the analysis of the federal courts on this issue, the court concluded: "We are not at liberty to change the plainly stated effect of [Rule 77(g)]; to do so, by reference to Rule 60(c)(6) or any other rule of less specific application, would simply deny the efficacy of Rule 77(g)." *Id.* at 131, 624 P.2d at 328.

Initially we believe the *Vital* court's reliance on our decision in *Old Pueblo* was misplaced. In *Old Pueblo,* the clerk failed to send the proper notice to the parties. The appellant in that case, however, had actual knowledge of the entry of judgment prior to the expiration of the appeal period yet failed to timely file. The appellant's only argument, therefore, was that the appeal time should begin to run from the service of the notice required by Rule 77(g)[5] and not from the entry of judgment. We rejected this argument. The holding in

---

4. Rule 77(g) provides in part:

   The clerk shall mail copies of all minute entries to all parties. Immediately upon the entry of a judgment as defined in Rule 54(a), the clerk shall mail a notice of the entry of judgment stating the date of entry, in the manner provided for in Rule 5, to every party who is not in default for failure to appear, and shall make a record of the mailing. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed.*
   (Emphasis supplied.) For purposes of this opinion, the language of Rule 77(g) is substantively the same as Fed.R.Civ.P. 77(d).

5. At this time, Rule 77(g) read:

   Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 [§§ 21–321—21–325] upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 [§§ 21–321—21–325] for the service of papers.
   1939 Ariz.Code Ann. § 21–1908.

*Old Pueblo* is simply that the time period for appeal begins to run from the date of entry of judgment; notice of the entry is not necessary to start the appeal time running. 73 Ariz. at 36, 236 P.2d at 1021. Thus, *Old Pueblo* did not address the issue of whether a trial court had authority to set aside a judgment when the parties had no knowledge that it had been entered and the purpose was to allow reentry of judgment so that an appeal could be taken.

The federal approach to this issue interprets a trial court's power to vacate a judgment more broadly than the court in *Vital.* A brief history of the federal view follows.

The authority of a court to set aside a judgment when a party did not have knowledge of the entry of judgment because the clerk failed to send the proper notice was addressed by the United States Supreme Court in *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944). In *Hill,* the clerk of the district court failed to serve notice of the entry of judgment on the parties as required by Fed.R.Civ.P. 77(d).[6] As a result, the losing party did not file his notice of appeal in time and moved the trial court to vacate the judgment and reenter the same in order to recommence the appeal period. The trial court vacated the former judgment and entered a new judgment, following which notice was sent in compliance with Rule 77(d). The Supreme Court held that this action was a proper exercise of the trial court's discretion because the parties had relied on the notice requirement. *Id.* at 524, 64 S.Ct. at 336.

In response to the decision in *Hill,* the Advisory Committee on Rules amended Rule 77(d) in 1946 to add a final sentence that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed ...." The Advisory Committee's notes clearly indicate that the purpose of the amendment was to overrule *Hill:*

> Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal .... It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of judgment.

Fed.R.Civ.P. 77(d), advisory committee note.

The federal courts have often considered the effect of the amendment to Rule 77(d) in connection with the authority of a trial court to set aside a judgment under Rule 60(b)(6).[7] The consistent view has been that while Rule 60(b)(6) gives a court authority to vacate a judgment for "any other reason justifying relief," the amendment to Rule 77(d) precludes any relief under Rule 60(b)(6) where the *sole* reason asserted is the failure to give or receive the notice required by Rule 77(d). Where, however, "compelling reasons" or "unique circumstances" exist, beyond mere lack of Rule 77(d) notice, the federal courts hold that Rule 60(b)(6) permits a trial court to exercise discretion to vacate a judgment and reenter the same in order to perfect an appeal. *See Hensley v. Chesapeake & Ohio Railway Co.,* 651 F.2d 226 (4th Cir.1981); *Buckeye Cellulose Corp. v. Braggs Electric Construction Co.,* 569 F.2d 1036 (8th Cir. 1978); *International Controls Corp. v. Vesco,* 556 F.2d 665 (2d Cir.1977); *Kramer v. American Postal Workers Union, AFL–CIO,* 556 F.2d 929 (9th Cir.1977); *Fidelity & Deposit Co. of Maryland v. USAFORM Hail Pool, Inc.,* 523 F.2d 744 (5th Cir.1975); *In re*

**6.** At the time *Hill* was decided, Fed.R.Civ.P. 77(d) read as follows:

> Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers.

**7.** For purposes of the issue presented by this case, Fed.R.Civ.P. 60(b)(6) is identical to Ariz. R.Civ.P. 60(c)(6).

*Morrow,* 502 F.2d 520 (5th Cir.1974); *Expeditions Unlimited Aquatic Enterprises v. Smithsonian Inst.,* 500 F.2d 808 (D.C.Cir. 1974); *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir.1970); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2864, at 214–15 (1973); 6A J. Moore, *Moore's Federal Practice* ¶ 60.03[9] (2d ed. 1982); *see also Brendonwood Common v. Kahlenbeck,* Ind.App., 416 N.E.2d 1335 (1981); *Chowning, Inc. v. Dupree,* 6 Kan. App.2d 140, 626 P.2d 1240 (1981).

We believe the approach taken by the federal courts to be a sound one and find that Arizona Rules 77(g) and 60(c)(6) can be read together.

The purpose of rules setting strict time limits for filing appeals and forbidding courts from extending these time periods is to ensure the finality of judgments. *Hensley v. Chesapeake & Ohio Railway Co.,* 651 F.2d at 228; *Expeditions Unlimited Aquatic Enterprises v. Smithsonian Inst.,* 500 F.2d at 809. The need for finality, however, must give way in extraordinary circumstances. *See Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Webb v. Erickson,* 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982). Thus, Rule 60(c)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott,* 335 U.S. at 615, 69 S.Ct. at 390. This power, however, does not relieve a party from the "free, calculated and deliberate choices" he or she has made. *Roll v. Janca,* 22 Ariz.App. 335, 337, 527 P.2d 294, 296 (1974); Wright & Miller, *supra,* at 214. Further, an attorney has a duty to insure that "matters subject to prescribed time limits are acted upon within those limits, or that other appropriate action is taken to preserve [a] client's rights." *Kiefer v. May,* 22 Ariz.App. 567, 569, 529 P.2d 721, 723 (1974). Rule 77(g) clearly implies that a party has a duty to take legal steps to protect his or her interests and cannot simply rely on the court to provide notice. *See Hensley v. Chesapeake & Ohio Railway Co.,* 651 F.2d at 231.

With these competing principles in mind, we reach the following conclusion. Rule 77(g) restricts the power of an Arizona trial court to grant Rule 60(c)(6) relief where the only ground is the failure to give or receive the notice required by Rule 77(g). Where, however, an aggrieved party establishes lack of knowledge that judgment has been entered, and asserts additional reasons that are so extraordinary as to justify relief, we hold that the trial court has authority under Rule 60(c)(6) to vacate the judgment and reenter a new judgment in order to allow the party to file a timely appeal. In other words, relief under Rule 60(c)(6) may be considered where the party did not have knowledge from any source that judgment had been entered and where there are extraordinary circumstances. However, where the complaint is only that the party did not have or get the formal notice to which a party is entitled by Rule 77(g), the relief is not available. To the extent the opinion in *Vital* is inconsistent with our holding today, it is disapproved.

An example of circumstances which may justify such relief can be found in *Buckeye Cellulose Corp. v. Braggs Electric Construction Co., supra,* and *Smith v. Jackson Tool & Die, Inc., supra.* In *Buckeye Cellulose Corp., supra,* none of the parties knew that judgment had been entered so none could be said to have relied on the notice of entry of judgment, plaintiff's counsel had made three inquiries of the clerk's office to determine the status of the case, and counsel acted diligently after learning of the entry of judgment. Under these circumstances, the court of appeals held that the trial court had authority to vacate the judgment under Rule 60(b)(6) in order to permit the filing of a notice of appeal. 569 F.2d at 1038.

In *Jackson Tool & Die, supra,* counsel for the plaintiff was out of the country when he was advised that a decision had been reached in his client's case. Counsel immediately contacted the trial judge, requesting that entry of judgment be withheld until his return. Opposing counsel did not object to this request but did submit a form of judgment and the trial judge, without the knowledge of either counsel, entered judg-

ment. In addition, the clerk inadvertently failed to send the required notice to the parties. When plaintiff's counsel learned of the entry of judgment, he moved promptly to set the judgment aside. The delay caused no prejudice to the opposing party. Under these circumstances, the court of appeals held it was not an abuse of discretion to vacate the judgment and reenter the same judgment to permit an appeal. 426 F.2d at 8.

We do not propose to set out any specific set of circumstances that must exist to qualify as "extraordinary," "unique" or "compelling" and thus justify relief under Rule 60(c)(6). This determination will be left to the sound discretion of our trial courts. Accordingly, we remand this case to the trial court for a determination of whether the facts of this case are sufficient to justify relief under Rule 60(c)(6).

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.